**Linda T. HAMILTON, Appellant,**

v.

**Alberta JONES et al., Appellees.**

**No. 16455.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 6, 1975.

Rehearing Denied April 3, 1975.

Eugene Chambers, Rayburn M. Hamilton, Houston, for appellant.

Vincent J. Musachia, Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a judgment entered in a bill of review proceeding setting aside a previous order of the Probate Court No. 2 of Harris County, Texas. The judgment of the Probate Court setting aside its previous order is affirmed.

On December 14, 1973, the Probate Court No. 2 rendered judgment in a declaration of heirship proceeding that Linda T. Hamilton was the adopted daughter and sole heir to Marie Hamilton who died intestate. On May 23, 1974 a bill of review was filed by Alberta Jones, Caesar Smith, and Brenda Gail Smith. After a hearing

**352**

on the bill of review a modified decree of heirship was entered dividing the estate equally between the decedent's brother, her sister, and a daughter of a deceased brother. Findings of fact and conclusions of law were duly filed by the court.

Linda T. Hamilton is an illegitimate child of Sidney Lee Breed. Until Linda Hamilton changed her name by court order after the intestate's death, she was variously known as Gwendolyn Ann Breed, Quinline Ann Breed, and Gwendolyn (Quinline) Ann Breed Atkins. In a divorce proceeding from Bobby Atkins in 1969 she had her name restored to Gwendolyn (Quinline Ann) Breed. In 1969 she identified her parents as Lawrence Taylor and Sidney Lee Breed.

There is evidence that A. D. and Marie Hamilton were a childless couple who on a number of occasions took care of other people's children. When Sidney Lee Breed, the mother of appellant, was young she lived with the Hamilton couple for a time. Sidney Lee Breed had eleven illegitimate children, several of whom were raised by different friends and relations. Linda was originally left with Sidney Breed's sister, Mrs. Holden, who took care of her for two months and then left Linda with the Hamiltons when Linda was about three years old. She secured Sidney Lee Breed's permission to do this. Sidney Lee Breed was a distant cousin of the decedent. Linda lived with the Hamiltons until she left, following some altercation. Soon thereafter she married Bobby Atkins, when she was about 15 or 16 years of age. Because of her age it was necessary that she obtain permission from her parent to obtain a marriage license. She secured this permission from her mother, Sidney Lee Breed. The marriage ceremony was held at the home of Mrs. Holden and the Hamiltons did not attend.

The Hamiltons executed a joint will leaving all their property to the survivor and, in the event of a simultaneous death,

one-half of the property to A. D. Hamilton's family and one-half to Marie Hamilton's sister. No provision was made in the will for Linda Hamilton. This will was probated on A. D. Hamilton's death. Marie Hamilton took the estate and did not execute a new will. As a consequence she died intestate.

At the time of Marie Hamilton's death her brother, Caesar Smith, and her sister, Alberta Jones, were non-residents of the State of Texas. Her niece, Brenda Gail Smith, resided in Harris County, Texas and was a minor. Linda Hamilton was appointed administratrix of the estate of Marie Hamilton. She was well acquainted with Alberta Jones, Caesar Smith and Brenda Gail Smith. She had visited in the home of Alberta Jones. They were present at the funeral of Marie Hamilton. During the course of the administration of the estate of Marie Hamilton, Linda Hamilton filed a petition for declaration of heirship. There was a citation by publication of the unknown heirs of Marie Hamilton. Neither of these relatives knew that a petition for declaration of heirship had been filed in the matter and did not appear at the hearing on this petition. The trial court entered a judgment finding that Linda Hamilton was the adopted daughter of Marie Hamilton and was entitled to the entire estate.

At the hearing on the bill of review there was testimony that Linda Hamilton was not formally adopted by Marie Hamilton. There was testimony that Marie Hamilton was married twice and had no children as a result of either marriage. She was survived by Alberta Jones, her sister, Caesar Smith, her brother, and Brenda Gail Smith, her niece, the daughter of a deceased brother. The evidence established that these three were the heirs at law of Marie Hamilton, unless they were estopped to deny that Linda Hamilton was adopted by Marie Hamilton. The trial court found that Marie Hamilton did not

enter into an agreement with Sidney Breed or anyone else that Marie Hamilton would adopt Quinline Ann Breed, now known as Linda T. Hamilton, and that Quinline Ann Breed never relied on any alleged agreement with anyone that she would be adopted. After a careful review of the evidence, we cannot say that there is no evidence to support these findings of the trial court, or that they are contrary to the great weight and preponderance of the evidence. The evidence does not require a finding that Linda Hamilton was the adopted daughter of Marie Hamilton. Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906 (1940).

Appellant contends that appellees' pleadings and the evidence were insufficient to invoke the Probate Court's authority to grant a bill of review and set aside the previous judgment determining heirship.

■ The statutory bill of review provided for in Section 31 of the Probate Code, V.A.T.S., need not conform to the rules and is not limited to the restrictions of the equitable bill of review. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932 (1935); Grieder v. Grieder, 467 S.W.2d 241 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); Golden v. York, 407 S.W.2d 293 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e., sub noma Golden v. York, 410 S.W.2d 181 (Tex.)).

■ To secure relief under the statutory bill of review in question from a judgment theretofore entered, it is necessary to specifically allege and prove substantial errors by the trial court. It is not necessary that the error appear from the face of the record. The fact of error may be proven on the trial. The ordinary rules as to diligence in making motions for new trials and in appealing from the judgment complained of do not apply in a bill of review under Article 31 of the Probate Code. Stillwell v. Standard Savings & Loan Association, 30 S.W.2d 690 (Tex.Civ.App.—Fort Worth 1930, error dism'd). See also Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571 (1941); Parmley v. Parmley, 149 S.W.2d 647 (Tex.Civ.App.—Amarillo 1941, writ ref'd). The petition for a bill of review alleges that the appellees received no notice of the heirship hearing required by Section 50 of the Probate Code; that Linda Hamilton and her attorney knew of their existence and whereabouts; and further alleges that the intestate, Marie Hamilton was unmarried at the time of her death, had no children, born or adopted, that her parents were deceased, and that the three applicants were the sole heirs of Marie Hamilton. These allegations were supported by probative evidence and were a sufficient basis for the judgment entered by the Probate Court.

■ Appellant's fourth point of error is too general for consideration by this court. Rules 322 and 418(b), Texas Rules of Civil Procedure. Neither can we consider her fifth point of error which challenges by number only five findings of fact made by the trial court. It cannot be determined whether or not appellant intends to challenge the findings because they are supported by no evidence or because there is factually insufficient evidence. Since the nature of the complaint cannot be determined the points fail for want of specificity. Rule 418(b), Texas Rules of Civil Procedure.

The judgment is affirmed.