**Clarence HOOVER, Appellant,**

v.

**Ruby SIMS, Administratrix, Appellee.**

**No. 01–89–00467–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 1990.

Rehearing Denied June 21, 1990.

John C. North, Jr., Corpus Christi, for appellant.

James H. Whitcomb, Columbus, for appellee.

Before COHEN, WARREN and DUNN, JJ.[1]

## OPINION

COHEN, Justice.

This is an appeal from a judgment of the District Court of Colorado County denying appellant's bill of review to set aside an order of the Colorado County Court admitting the holographic will of Eunice Phillips to probate.

The county court probated the will and construed it as requested by Ruby Sims, administratrix. Appellant, Clarence Hoover, decedent's brother, filed a bill of review. However, the county court granted appellee's plea in abatement and dismissed the action. On appellant's motion, the case was transferred to the district court, which granted a rehearing, and denied appellee's plea in abatement, but found that appellant had failed to show that the county court erred in admitting the will to probate, or in construing it.[1]

1. The district court's findings and conclusions are as follows:

Findings of Fact:

2. Decedent's will admitted to probate was wholly within the handwriting of the Decedent.

3. The devise of Decedent's home included the household furniture and furnishings.

4. Decedent's will bequeathed her accounts in the Colorado County Federal Savings and Loan Association, Columbus, Texas, to the Eagle Lake Community Hospital.

5. That no part of the Deceased's Estate shown in the inventory, as amended, passes under the laws of descent and distribution....

10. Movant failed to show error of the court in admitting the will to probate.

11. Movant failed to show error of the court in its order of May 26, 1988, construing the will, or of any other order of the Court.

Conclusions of Law:

1. Movant's first amended bill of review should be denied.

Appellant's bill of review contended the will was void because it was not wholly written by the decedent, and, in the alternative, that he should receive certain property by intestacy because it was not disposed of in the will.

In points of error one, two, and three, appellant contends there was no evidence or insufficient evidence supporting the fact findings that the will was wholly written by the decedent. He brought the bill of review pursuant to TEX.PROB.CODE ANN. § 31 (Vernon 1980), which provides:

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court or by the judge thereof, revised and corrected *on showing error therein....*

(Emphasis added.)

[1] To prevail under this section, one must "specifically allege and prove substantial errors by the trial court." *Hamilton v. Jones*, 521 S.W.2d 350, 353 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The error need not appear from the face of the record, but may be proved at trial. *Id.* Thus, appellant had to prove his allegations by a preponderance of the evidence. *Lee v. Lee*, 424 S.W.2d 609, 610 n. 1 (Tex.1968).

■ The trial court's fact findings are reviewed the same as a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). When, as here, the trial court finds a fact against a party having the burden of proof, the finding will be upheld against a "no evidence" challenge even though no evidence supports the trial court's finding. *See Ritchey v. Crawford*, 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ). Appellant must show that the evidence conclusively established the will was not wholly written by the decedent. *Id.* In deciding a factual sufficiency point, we must affirm unless the finding was against the great weight of all the evidence. *In re King's Estate*, 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951).

■ Appellant concedes that his only proof was his counsel's oath on the verified first amended bill of review, which alleged the will was not wholly written by the decedent. The petition alleged:

Further, the Court erred in admitting the will to probate, as *the will shows on its face that it is not wholly in the handwriting of the Decedent,* as it shows at the bottom of the first page of the will, where the name "Ruby Sims" was deleted and *the name "Holly Robinson" was written in the [sic] handwriting completely different from that of the Decedent.*

(Emphasis added.)

Appellant contends this sworn pleading was conclusive proof, binding on the trial judge, because it came into evidence without objection, and appellee offered no opposing proof. We disagree.

No facts were alleged in the petition. It simply stated the legal conclusion that the will "shows on its face" that it was not wholly written by the decedent. The will is before us, and nothing on its face shows that it was not wholly in the decedent's handwriting. As stated in *Hamilton*, under Probate Code section 31, "it is necessary to specifically *allege and prove* substantial errors by the trial court." 521 S.W.2d at 353 (emphasis added). No witnesses testified about the decedent's handwriting, and neither side presented evidence about it. Because appellant offered no evidence, he failed to conclusively establish his allegation, and the finding was not against the weight of the evidence.

Points of error one, two, and three are overruled.

■ In points of error four, five, and six, appellant contends there was no evidence or insufficient evidence to support the fact finding that the will gave accounts in the Colorado County Federal Savings and Loan Association, Columbus, Texas, to the Eagle Lake Community Hospital.

The will states:

"My Colorado County Savings and Loan, Columbus, Texas, goes for my hospital stay and care."

The inventory lists five accounts in Colorado County Federal Savings and Loan Association of Columbus, Texas totaling $59,100.00. In appellee's request for instructions, she contended the will gave these funds to Eagle Lake Community Hospital, and the county court agreed.

Again, it was appellant's burden to show substantial error in the county court's judgment. His only evidence was that the decedent died in a Houston hospital. Appellant did not show that the decedent did not intend to leave these funds to Eagle Lake Community Hospital. The will contains numerous other bequests of personal property to this hospital, which is the will's major beneficiary and is the only hospital mentioned in the will. Moreover, there is no residuary clause, a fact supporting an inference that the decedent intended to dispose of all her property in the will.

In construing a will, the decedent's intent is controlling, and this intent must be determined from the four corners of the will. *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex. 1971). The act of making a will is itself evidence that the decedent did not intend to die intestate as to all or part of her property. *Kaufhold v. McIver*, 682 S.W.2d 660, 666 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Thus, when a will is open to more than one construction, a construction resulting in complete or partial intestacy will be avoided, if possible. *Id.*

Appellant failed to conclusively establish error in the county court's order paying these funds to Eagle Lake Community Hospital, and the trial court's finding was not against the great weight of the evidence.

Points four, five, and six are overruled.

■ In points of error seven, eight, and nine, appellant contends that no evidence or insufficient evidence supported the finding that the devise of the decedent's home included the household furniture and furnishings.

The provision devising the home was: "My home goes to my niece, Ruby Sims, 13731 Oleake, Houston, Texas."

The inventory lists "Household Furniture and Furnishings—$10,000.00" The county

court's order construing the will gives the home and its contents to appellee. Neither party offered evidence of the decedent's intent.

Appellant cites *McKinley v. McKinley*, 483 S.W.2d 310, 313 (Tex.Civ.App.—Tyler), *rev'd on other grounds*, 496 S.W.2d 540 (Tex.1972), where the appeals court held the probate court erred in making a conclusion of law that the term "home" included household furnishings. Appellant here is challenging a finding of fact, not a conclusion of law, and he produced no proof that the decedent did not intend to devise the contents of her home. This case is not controlled by *McKinley*. Appellant has not shown the county court erred.

Points of error seven, eight, and nine are overruled.

Appellee's sole-cross point contends that the district court should have sustained appellee's plea in abatement. Appellant did not reply to the cross-point. In view of our holdings, we need not discuss this cross-point of error.

The judgment is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent.

Appellant's bill of review challenged the authenticity of a handwritten document that a probate court accepted as a holographic will. Holographic wills must be supported by *written* documentation of authenticity. TEX.PROB.CODE ANN. art. 84(b) (Vernon 1980). A contestant may obtain the annulment of a will which has already been admitted to probate by demonstrating that one or more of the statutory requirements for making and probating a valid will have not been fulfilled. *Lee v. Lee*, 424 S.W.2d 609, 610 n. 1 (Tex.1968). "Thus if the contest is initiated at this stage [post admission], the contestant's burden is limited to offering evidence which negates the proponent's attempt to carry the burden of persuasion." W. Dorsaneo & L. Larson, 16 Texas Litigation Guide § 392.08[7][a] (1989). Here, the proponent did not initially fulfill statutory requirements; thus the

statutory bill of review contestant simply had to call this fact to the court's attention. Appellant's bill of review challenged the authenticity of the handwriting, causing the court to review the record to determine statutory compliance. Finding error on the face of the record, I would remand and require the proponent of the will bear the burden of supplying the missing proof required to support a holographic will.

Appellant's points of error one through three allege that the district court had insufficient evidence to affirm the probate court's admission of the will. The record before us, which was also before the district court, contains no evidence that the handwriting is authentic. Section 84(b) of the Probate Code requires:

> If not self-proved as provided in this Code, a will wholly in the handwriting of the testator may be proved by two witnesses to his handwriting, which evidence may be by *sworn testimony* or *affidavit* taken in open court, or, if such witnesses are nonresidents of the county or are residents who are unable to attend court, by *deposition*, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil actions.

TEX.PROB.CODE ANN. art. 84(b) (Vernon 1980) (emphasis added). Appellant's *statutory* bill of review questions the authenticity of the handwriting, which requires the district court (and this Court) to review statutory compliance. Appellant's authenticity challenge must be resolved from the face of the record, which indicates that the document was accepted as a holographic will *without the required supporting evidence.*

I differ from the majority on the issue of burden of proof. The majority takes the approach that appellant (contestant) needs to produce evidence which attacked an existing will. Appellant did not *challenge* a will, he asserted *there never was a will.* As such, he had a minimal burden of proof. He simply needed to show that the record did not contain the necessary proof to support a holographic will. Further, the district court stated at the hearing on the

statutory bill of review that there was no proof supporting the holographic will. Thus the error is clear from the face of the record, and appellant challenges the authenticity by noting that the statute was not complied with. The majority accepts the probate court's unsubstantiated finding that the handwritten document is an authenticated holographic will and concludes that it is appellant's burden to disprove that the will is not properly authenticated. If it appeared from the record that the handwritten document was a valid holographic will supported by the proof required in section 84(b), the majority's approach would be valid. In this case, however, the holographic will was never authenticated by appellee as required.

If the proponent proved the document in accordance with section 84, and *made a record,* the document would enjoy *prima facie* authenticity. Appellant's challenge would then proceed on more difficult evidentiary terrain. It is in this context in which this Court decided *Hamilton v. Jones,* 521 S.W.2d 350 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.), which the majority cites. Only when the proponent of a will makes a *prima facie* case is a challenger required to "specifically allege and prove substantial errors by the trial court." 521 S.W.2d at 353. Here, the challenger questioned a document which was never proven to be a will. Thus, the challenger can "specifically allege and prove substantial error" by referring to the lack of proof which is readily apparent from the face of this record.

I would remand for further evidentiary proceedings in accordance with the foregoing and refer the majority to the approach adopted in *Jackson v. Thompson,* 610 S.W.2d 519, 523 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), in which this Court reviewed the sufficiency of the record in a probate matter to determine that a county court erred as matter of law by admitting a codicil to probate as a muniment of title. As Judge Coleman found:

> The *record does not reflect* evidence that there were no unpaid debts owing by the estate of the testator nor does it contain

evidence constituting a sufficient reason for the court to find no necessity for administration upon the estate. In the absence of a *sufficient evidentiary basis* for these findings the court erred as a matter of law by admitting the will to probate as a muniment of title.

*Id.* (emphasis added). This Court has the power to independently review the evidentiary sufficiency of the record and correct errors below.

Therefore, I would reverse the judgment and remand the cause to the trial court.