Mary Ellen WALKER, Independent Executrix of the Estate of Ward Walker, Deceased, and Morris & Campbell, a Professional Corporation, Appellants,

v.

Thomas G. SHARPE, Jr., Appellee.

No. 13–90–116–CV.

Court of Appeals of Texas, Corpus Christi.

March 28, 1991.

See also 807 S.W.2d 442.

Rhett G. Campbell, Morris & Campbell, Houston, for appellants.

Thomas G. Sharpe, Jr., Luke C. Kellogg, Oppenheimer, Rosenberg, Kelleher, San Antonio, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from the denial of a statutory bill of review tried by the Cameron County Court at Law No. 1 sitting in probate jurisdiction. Appellants, Mary Ellen Walker, in her capacity as independent executrix, and Morris and Campbell, her present attorneys, appeal a judgment of the probate court denying Walker's bill of review and awarding $12,000 attorney's fees to appellee, Thomas G. Sharpe, Jr., against Morris and Campbell. Appellants raise nineteen points of error. We reverse and render.

The present suit concerns proceedings during the probate of the estate of Ward Walker. Mary Ellen Walker, his surviving spouse, was appointed and served as independent executrix of his estate, though she was not designated as such in his will. In 1984, she contracted to sell the marital homestead to Sharpe, an attorney who had represented her and her husband in a number of legal matters in the past. After the sale had been agreed to and the property transferred, however, Sharpe discovered that Walker had not been named independent executrix in the will, which raised a doubt in his mind about her authority to transfer the property to him without an order of the probate court. Sharpe briefly consulted with Joel Ellis, Walker's probate counsel at that time, about the need for a court order to validate the sale, and then filed in the probate court a Motion to Confirm Sale of Real Property or to Cancel Sale and for Reimbursement. After a hearing requested by Sharpe, the probate court issued a July 13, 1988 order confirming the sale and approving the terms and conditions of the sale as represented to the court by Sharpe.

Walker, however, claims that she had no notice of the Order Confirming Sale until January 11, 1990, when Sharpe attempted to bring the probate court order before the district court as a res judicata defense against a separate action there between the parties concerning the terms of the sale in question.[1] On January 16, 1990, Walker filed in the probate court the present Motion to Set Aside Order Confirming Sale and for Bill of Review, asserting among other things that her due process right to notice of the motion and hearing were violated, and that the probate court lacked jurisdiction to enter such an order in the absence of a report of sale and citation and notice.

After a hearing on Walker's motion and bill, the probate court denied Walker any relief on the bill and awarded Sharpe $12,000 in attorney's fees against Morris and Campbell. Pursuant to a request for findings and conclusions, the probate court found, among other things, that the order confirming the sale was entered pursuant to notice to counsel and agreement, and that the probate court had jurisdiction to enter the order. In addition, the court found and concluded that Walker's bill was filed in bad faith and that Sharpe proved that he was entitled to reasonable attorney's fees of $12,000.00.

The present appeal is from a judgment rendered on a statutory bill of review. In addition to the traditional equitable bill of review, the Texas Probate Code provides for a statutory bill of review under the following terms:

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two

---

1. We note that an appeal of the district court's dismissal is also before this Court. The real contention between the parties is not that the sale in question should not have been confirmed or should be rescinded, but that the probate court's order may have had the effect of binding the parties to Sharpe's interpretation of the terms of the sale, under which he presently would owe nothing more for the home. Walker, however, contends that Sharpe still owes money on the purchase. For a fuller discussion of the terms of the sales agreement, *see Walker v. Sharpe*, 807 S.W.2d 442 (Tex.App.—Corpus Christi 1990).

years have elapsed from the date of such decision, order, or judgment. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for a bill of review.

Tex.Prob.Code Ann. § 31 (Vernon 1980). The statutory bill of review need not conform to the rules and is not limited by the restrictions of an equitable bill of review. *Norton v. Cheney,* 138 Tex. 622, 161 S.W.2d 73 (1942); *Pure Oil Co. v. Reece,* 124 Tex. 476, 78 S.W.2d 932 (1935); *McDonald v. Carroll,* 783 S.W.2d 286, 288 (Tex.App.—Dallas 1989, writ denied). In order to prevail under a statutory bill of review, it is necessary to specifically allege and prove substantial errors by the trial court, which need not appear from the face of the record, but may be proved at trial. *Hoover v. Sims,* 792 S.W.2d 171, 173 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *McDonald,* 783 S.W.2d at 288; *Hamilton v. Jones,* 521 S.W.2d 350, 353 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

By their sixth through eighth points of error, appellants complain that the probate court lacked jurisdiction to enter the order confirming sale. Specifically, by their seventh point of error, appellants complain that Sharpe failed to comply with the prerequisites for entry of such an order, because the probate court never issued an order authorizing the sale, but merely proceeded to confirm a sale that had already taken place, in violation of the provisions of the Texas Probate Code governing judicial sales.

■ A probate court has the authority under a statutory bill of review to set aside its former orders, even though a sale of land in the meantime has been made under such orders. *Jones v. Sun Oil Co.,* 137 Tex. 353, 153 S.W.2d 571, 574 (1941). However, the probate court is not required to set aside an order of sale after it becomes final, because of irregularities or failures to strictly comply with the provisions of the Probate Code applicable to the sale of property belonging to the decedent's estate. *See Carson v. Estate of Carson,* 601

S.W.2d 171, 174 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); 29 Tex. Jur.3d *Decedents' Estates* § 552 (1983). In addition, confirmation of a sale cures defects, mistakes, errors and irregularities in proceedings where the court had jurisdiction, and the sale is not subject to collateral attack. *Goolsby v. Bush,* 172 S.W.2d 758, 762 (Tex.Civ.App.—El Paso 1943, no writ). In the present case, however, the lack of an order of sale is more than merely an irregularity in the procedure; there is no statutory authority for the probate court to issue an order of confirmation without a prior order of sale.

■ Under the Probate Code provisions dealing with judicial sales, both the order of sale and an order confirming the sale are necessary for a valid transfer from the estate, and title will not pass without the order and confirmation. *Andrews v. Koch,* 702 S.W.2d 584, 586 (Tex.1986); *James v. Gaal,* 282 S.W. 298, 301 (Tex.Civ.App.—El Paso 1926, writ dism'd); *but compare Baumgarten v. Frost,* 143 Tex. 533, 186 S.W.2d 982, 985 (1945); *Neill v. Cody,* 26 Tex. 286, 290 (1862); *San Antonio Savings Association v. Palmer,* 780 S.W.2d 803, 808–809 (Tex.App.—San Antonio 1989, writ denied) (In some cases, a valid transfer may occur when there is an authorizing order but no formal confirmation order, if a confirmation may be inferred, or at least something is done by the purchaser giving him the right to have the sale confirmed.)

Texas Probate Code, Chapter VIII, Part 5, covers proceedings for the sale of property during administration and guardianship. Tex.Prob.Code Ann. §§ 331–358 (Vernon 1980). Section 331 provides that, "[e]xcept as hereinafter provided, no sale of any property of an estate shall be made without an order of court authorizing the same." Sections 341 through 345 provide the procedures for the personal representative to apply to the court for permission to sell certain property, section 346 provides the authority for the court to enter an order of sale, section 353 requires the representative to file a report of the sale, and, finally, section 355 requires the court to enter an order either confirming or setting

aside the sale, under the following conditions:

> After the expiration of five days from the filing of a report of sale, the court shall inquire into the manner in which the sale was made, hear evidence in support of or against such report ...; and, if he is satisfied that the sale was for a fair price, was properly made and in conformity with law ... the court shall enter a decree confirming such sale, showing conformity with the foregoing provisions of the Code, and authorizing the conveyance of the property to be made by the representative of the estate upon compliance by the purchaser with the terms of the sale, detailing such terms....

Tex.Prob.Code Ann. § 355 (Vernon 1980). In other words, the statute suggests that the only proper way to bring an action for an order confirming sale is subsequent to, and in conformity with, an order authorizing the sale and the filing of a report of the sale.

 A sale of property by an administrator, even though afterwards confirmed by the probate court, is invalid, unless an order of such court authorizing the sale was previously entered. *Ball v. Collins*, 5 S.W. 622 (Tex.1887); *Loving v. Clark*, 228 S.W. 590, 593–94 (Tex.Civ.App.—Amarillo 1921, no writ). In selling the property the administrator is the agent, or instrument, through which the court acts; his powers are statutory, derived from the law, through the exercise of jurisdiction conferred upon the court. When a sale is without authority, a ratification of it by the court must be considered as having been given inadvertently. If given deliberately, and on full examination of all the facts, still it must be regarded as an unauthorized proceeding. No court, however great its dignity, can arrogate to itself the power of disposing of real estate without the forms of law. It must obtain jurisdiction of the thing in a legal mode. *Ball*, at 623–24.

 In the present case, lack of a prior order authorizing sale of the property in question appears on the face of the record.

Moreover, the parties agree that there was no prior order. We hold that the probate court had no authority to enter an order confirming the sale without having issued any prior order authorizing the sale sought to be confirmed. Appellants were entitled to raise this complaint by bill of review and are entitled to have the confirmation order vacated. We sustain appellants' seventh point of error. Having sustained this point, appellants' remaining points are not dispositive and we need not address them. *See* Tex.R.App.P. 90(a).

We REVERSE the judgment of the trial court in favor of Sharpe and here RENDER judgment granting appellants' bill of review and vacating the probate court's July 13, 1988 order confirming the sale of property.