Affirmed in Part, Reversed and Rendered in Part, and Opinion filed
August 12, 2003









Affirmed in Part, Reversed and Rendered in Part, and
Opinion filed August 12, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

No. 14-02-00158-CV

No. 14-02-00392-CV

____________

 

FRANK E. NADOLNEY D/B/A/ NADOLNEY ENTERPRISES,
Appellant

 

V.

 

CAROLYN C. TAUB, EXECUTRIX OF THE ESTATE OF JOHN BEN TAUB,
DECEASED, Appellee

 



 

On
Appeal from the Probate Court No. 3

Harris County, Texas

Trial
Court Cause No. 313,838-001 & 313,838-401

 



 

O
P I N I O N








Appellant
Frank E. Nadolney d/b/a/ Nadolney Enterprises brings two appeals in this
probate case.  In appellate cause number
14-02-00158-CV, Nadolney challenges the following orders: (1) Judge Rory R.
Olsen=s
order recusing himself, and (2) Judge Guy Herman=s subsequent orders (a) granting a petition for a bill of
review brought by appellee Carolyn C. Taub, Executrix of the Estate of John Ben
Taub, Deceased, (b) denying Nadolney=s request for a jury trial, and (c) denying Nadolney=s
request for a continuance.  In appellate
cause number 14-02-00392-CV, Nadolney challenges (1) an order for disbursal of
funds from the registry and (2) an order dismissing, without prejudice,
Nadolney=s
application for payment.[1]  In appellate cause number 158, we affirm the
recusal order, but reverse the order granting the petition for a bill of review
and render judgment denying the petition. 
Accordingly, we do not address the orders denying a jury trial and
denying a continuance.  In appellate
cause number 392, we affirm.

PROCEDURAL
BACKGROUND

In
his last will and testament, John Ben Taub appointed his wife, Carolyn C. Taub,
as his independent executrix.  John also
bequeathed to Carolyn, as trustee, the AJohn Ben Taub Credit Shelter Trust . . . the largest amount
that can pass free of federal estate tax by reason of the unified credit and
state death tax credit allowable . . . .@  Other than two small
gifts to family employees, John bequeathed the remainder of his estate to
Carolyn.[2]

John
died April 13, 2000, and Judge Olsen decreed the will be admitted to probate on
May 17, 2000.  In the same decree, Judge
Olsen named Carolyn as the independent executrix and appointed Nadolney as the
appraiser.  In July 2000, Nadolney wrote
Stuart Haynsworth, the attorney who drafted the will and represented Taub in
having the will probated.  Nadolney
requested a retainer of $35,000.

At
the end of August 2000, Nadolney filed a motion requesting the court to require
that Taub deposit sufficient funds to secure the expenses of the
appraisal.  Taub opposed Nadolney=s
motion, requesting the court to withdraw Nadolney=s appointment and appoint Charles Baranski in Nadolney=s
place.  On September 28, 2000, the
probate court ordered Taub to pay Nadolney $30,000 directly or pay the amount
into the registry of the court.  Taub
paid the money into the registry on October 19, 2000.








After
the court granted at least three extensions, Taub filed a preliminary
inventory, and the probate court approved the inventory on January 25,
2001.  On February 16, 2001, Taub, in her
capacity as a devisee and therefore a Aperson interested,@ filed a petition for a bill of review pursuant to Probate Code
section 31, seeking the court=s assistance to obtain a fair, market-based fee agreement with
the court-appointed appraiser (Nadolney) or, Ain the preferred alternative,@ to remove the court=s directive that executrix employ an appraiser.[3]  Attached to the motion were Nadolney=s
estimate for doing the work along with lower estimates from three other
appraisers.

In
July 2001, Taub filed a motion to recuse Judge Olsen.  She alleged Judge Olsen was not impartial
based on (1) his appointment of an appraiser, over Taub=s
objection, for an estate on which no federal or state taxes would be payable,
and (2) the sum of money allocated to the appraiser.  On August 22, without a response from
Nadolney or a hearing, Judge Olsen recused himself.

On
August 29, 2001, Nadolney paid a jury fee. 
Apparently, Judge Herman attempted to schedule a hearing date on the
bill of review on September 21, 2001, but Nadolney was unavailable.  By telephone messages the week of September
3, 2001 and by letter dated October 16, 2001, the court informed Nadolney of a
hearing to be held October 19, 2001.








On
October 19, 2001, Nadolney filed a motion for a continuance, appeared, and
announced not ready.  The court denied
the motion for continuance and conducted a hearing on Taub=s
bill of review.  At the hearing, Taub
introduced the federal estate tax return and the order requiring payment or
deposit of $30,000.  Taub and Haynsworth
testified they had not requested the appointment of an appraiser.  On cross-examination Haynsworth was asked
about a response Haynsworth may have made to Judge Olsen about whether this was
a taxable estate.  Haynsworth testified,
his Aanswer
to whatever inquiry [Judge Olsen] made was that the estate had significant
assets of a significant value to be taxable if other situations did not exist.@  Taub denied Haynsworth had told Judge Olsen
the estate was taxable and had substantial real property interests.

Nadolney
called Georgia Aikers, staff attorney and court coordinator for Probate Court
No. 3.  She testified she was present at
the hearing when the will was admitted to probate.  According to Aikers, when Judge Olsen asked
Haynsworth whether the estate was taxable, Haynsworth responded that it
was.  Aikers also testified Haynsworth
told Judge Olsen the estate consisted primarily of real estate, and Judge Olsen
appointed an appraiser.

Taub
called Haynsworth in rebuttal. 
Haynsworth testified he had a hearing impairment and could not
understand Judge Olsen every time he spoke. 
Haynsworth testified he understood Judge Olsen to be asking about the
total value of the estate.  According to
Haynsworth, he later made it known to the court the estate was not taxable and
the whole purpose of the will as it was constructed was to avoid taxation.








By
written orders signed November 6, 2001, the trial court granted Taub=s
petition for bill of review, denied Nadolney=s demand for a jury trial, and denied Nadolney=s
motion for continuance.  In a letter
dated the same day, the court referred to the lack of any explanation from
Judge Olsen regarding why he appointed an appraiser.[4]
The court also observed appointment of an appraiser made no sense in light of
the unlimited marital deduction.  The
court referred to the fact that, although the estate had property in several
counties, the court appointed only one appraiser, contrary to the residency
requirement.[5]  Finally, the court observed acceptance and
approval of the inventory on January 25, 2001 dispensed with the need for an
appraiser.

Nadolney
filed a motion for rehearing, a motion for new trial, and a request for
findings of fact and conclusions of law. 
On February 4, 2002, he filed a notice of appeal from the court=s
November 6, 2001 orders.  This appeal is appellate cause number 158.[6]


In
the meantime, Taub filed a motion for an order disbursing funds in the court=s
registry, based on the order granting Taub=s petition for bill of review. 
In a single document, Nadolney filed an application for payment and
response to the motion for an order dispersing funds.  On February 22, 2002, the trial court heard
Taub=s
motion and Nadolney=s application for payment. 
By bill of exception, Nadolney testified, to a reasonable degree of
certainty, $50,000 was the reasonable value of the services he performed for
the estate.  He further testified he
would not have done the work had he not been Aordered@ by the court and had there not been a security deposit.  Another appraiser testified Nadolney=s
fee was Aextremely
reasonable.@  Finally Nadolney=s
attorney testified regarding attorney=s fees.  Taub did not
present evidence, but argued there is no authority in the probate code to
authorize the deposit.

By
written order dated February 22, 2002, the trial court granted Taub=s
motion and ordered the clerk withdraw from the registry and pay to Taub the
$30,000 plus any accrued interest.  On
March 6, 2002, Nadolney filed his notice of appeal, challenging Athe
trial court=s judgment and orders rendered on February 22, 2002.@  This appeal is appellate cause number 392. 








By
written order signed April 3, 2002, the trial court dismissed Nadolney=s
application for payment without prejudice. 
The record does not contain a notice of appeal from the April 3, 2002
order.  On April 15, 2002, the trial
court filed its findings of fact and conclusions of law.[7]

DISCUSSION

Point
of Error One: The Bill of Review

In
point of error one, Nadolney challenges the trial court=s
order granting Taub=s petition for a bill of review.  He contends there was Ano
evidence@
or Ainsufficient
evidence@
to support a finding that the trial court=s order appointing an appraiser was substantial error, or
alternatively, an abuse of discretion. 
As discussed below, however, the gravamen of Nadolney=s
complaint is that, even if there was sufficient evidence to support each of the
trial court=s findings of fact, those findings do not support the only
relevant conclusion of law.[8]

Taub=s
burden of proof on a section 31 bill of review.  The purpose of a
section 31 bill of review is to revise and correct errors, not merely to set
aside decisions, orders, or judgments rendered by the probate court.  Jackson v. Thompson, 610 S.W.2d 519,
522 (Tex. Civ. App.CHouston [1st Dist.] 1980, no writ).  To prevail on her statutory bill of review,
Taub had specifically to allege and prove the trial judge committed substantial
error in appointing an appraiser.  See  Hoover v. Sims, 792 S.W.2d 171, 173 (Tex.
App.CHouston
[1st Dist.] 1990, writ denied).  The
errors need not have appeared on the face of the record; but, if not, Taub must
have proved the errors at trial by a preponderance of the evidence.  See McDonald v. Carroll, 783 S.W.2d
286, 288 (Tex. App.CDallas 1989, writ denied).








Standard of appellate review. 
In the present case, Judge Herman filed findings of fact and conclusions
of law in support of his order granting Taub=s petition for a bill of review.  A trial judge=s findings of fact following a
hearing on a bill of review have the same force and effect as jury
findings.  See Hoover, 792 S.W.2d
at 173. Generally, a court will review a trial judge=s findings of fact in a bill of
review proceeding using the same standards we use in reviewing the sufficiency
of the evidence to support a jury=s answers.  See id.; see also Gregory v.
Sunbelt Sav., F.S.B., 835 S.W.2d 155, 158 (Tex. App.CDallas 1992, writ denied).

These
standards are well-established.  When a
party challenges the legal sufficiency of the evidence supporting an adverse
finding on an issue on which it does not have the burden of proof, that party
must demonstrate on appeal that there is no evidence to support the adverse
finding.  See Croucher v. Croucher,
660 S.W.2d 55, 58 (Tex. 1983); Price Pfister, Inc. v. Moore & Kimmey,
Inc., 48 S.W.3d 341, 347 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  We consider all the evidence in the light most favorable to
the finding, indulging every reasonable inference in favor of the prevailing
party.  See Associated Indem. Corp. v.
CAT Contracting, Inc., 964 S.W.2d 276, 285B86 (Tex. 1998).  A court will sustain a
legal sufficiency point when (a) there is a complete absence of evidence of a
vital fact, (b) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact, (c) the evidence
offered to prove a vital fact is no more than a mere scintilla, or (d) the
evidence conclusively establishes the opposite of a vital fact.  See Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).

In
conducting a factual sufficiency review, we must examine the entire record,
considering both the evidence in favor of, and contrary to, the challenged
finding.  Maritime Overseas Corp. v.
Ellis, 971 S.W.2d 402, 406B07 (Tex. 1998).  We set
aside a trial judge=s finding on factual insufficiency grounds only if it is so
against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996).








The
preceding standards, however, do not completely encompass Nadolney=s
argument regarding the bill of reviewCan argument directed primarily at the relationship between
Judge Herman=s factual findings and his ultimate conclusion of law that the
order appointing an appraiser constituted substantial error.  For example, Nadolney argues AConclusions
of Law #4 and #5 and Findings of Fact #18 through #20 are either insignificant
as a matter of law, demonstrate that the trial court improperly shifted
the burden of proof, or are wholly rebutted by the probative evidence in the
record@
(emphasis added).[9]  He then expands, ASpecifically,
Findings of Fact #18 through #20, and subparts (1) through (3) within
Conclusion of Law #5, are insignificant, as a matter of law,
because the decision to appoint an appraiser is within the sound discretion of
the trial judge@ (emphasis added).








Thus,
in point of error one, Nadolney is challenging Conclusion of Law Number 5, i.e.,
that Judge Olsen made a substantial error in appointing an appraiser.  We review the trial court=s
conclusions of law de novo.  Smith v.
Smith, 22 S.W.3d 140, 143B44 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The standard of review for conclusions of law
is whether they are correct.  Dickerson
v. DeBarbieris, 964 S.W.2d 680, 683 (Tex. App.CHouston
[14th Dist.] 1998, no pet.).  We will
uphold conclusions of law on appeal if the judgment can be sustained on any
legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston [14th Dist.] 1996, no writ).  Thus, incorrect conclusions of law do not
require reversal if the controlling findings of fact support the judgment under
a correct legal theory.  Id.      

Discretionary
nature of challenged act.  The discretionary nature of Judge Olsen=s
challenged act, however,  is relevant to
our analysis of Judge Herman=s order overturning that act. 
In the present case, Taub directed her bill of review at the trial court=s
appointment of an appraiser pursuant to Probate Code section 248, which
provides:

At
any time after the grant of letters testamentary or of administration, upon the
application of any interested person or if the court shall deem necessary, the
court shall appoint not less than one nor more than three disinterested
persons, citizens of the county in which letters were granted, to appraise the
property of the estate.  In such event
and when part of the estate is situated in a county other than the county in
which letters were granted, if the court shall deem necessary it may appoint
not less than one nor more than three disinterested persons, citizens of the
county where such part of the estate is situated, to appraise the property of
the estate situated therein.

 

Tex. Prob. Code Ann. '
248 (Vernon 2003).  Thus, under section
248, the trial court Ashall appoint@ an appraiser under either of two circumstances: (1) on
application of an interested person or (2) Aif the court shall deem necessary.@  Id. 
Taub presented uncontroverted evidence neither she nor her attorney
requested an appraiser.

The
focus, therefore, is on the second prong of section 248: whether the trial
court (Judge Olsen) committed substantial error when it deemed appointment
of an appraiser necessary, a 
decision which both parties agree was within the trial court=s
discretion.  A trial court does not abuse
its discretion unless it acts without reference to guiding rules and principles
or its act is arbitrary or unreasonable. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985).








The
present case is therefore unlike Probate Code section 31 cases in which the party
seeking a bill of review alleges that the trial court has acted in direct
derogation of a specific, non-discretionary, provision of the probate
code.  See, e.g., Walker
v. Sharpe, 807 S.W.2d 448, 450B51 (Tex. App.CCorpus Christi 1991, writ denied) (involving order confirming
sale of property when property was sold before order issued authorizing sale,
contrary to Probate Code sections 331, 341B46, 353, 355); McDonald, 783 S.W.2d at 287 (involving
disproportionate distribution of estate of intestate decedent, contrary to
Probate Code section 45).  In contrast,
the question before Judge Herman was whether Taub had proved substantial error
in Judge Olsen=s discretionary act.

We
have reviewed the controlling findings of fact to see whether they support the
legal conclusion in question.  Judge
Herman found:  A9.  According to the inventory filed by Mrs.
Taub, John Ben Taub=s Estate owns property in Harris, Galveston, and Chambers
Counties.@  Judge Herman also
found:  A10.  Mr. Nadolney is a
resident of Harris County.@ Initially, these factual findings appear to support a
conclusion that Judge Olsen violated a rule of law and therefore abused his
discretion by appointing Nadolney.  See
Tex. Prob. Code Ann. '
248 (Vernon 2003) (providing for appointment of citizens of the county where
such part of the estate is situated  when
such part is situated in a county other than the county in which letters were
granted).

In
her petition for bill of review, however, Taub did not challenge Nadolney=s
appointment on this ground.  To the
contrary, she stated, APetitioner does not allege that [Nadolney] is not eligible or
is incapable of performing the Taub Estate appraisal. . . .@  Furthermore, when Judge Olsen appointed
Nadolney, the inventory had not been filed, and there is nothing in the record
to suggest, at the time of appointment, Judge Olsen knew the specific location
of the Estate=s properties.  Therefore,
on closer examination, findings 9 and 10 do not support a conclusion Judge
Olsen abused his discretion in appointing Nadolney.








The
only other findings even marginally relevant to the question of the propriety
of Judge Olsen=s exercise of discretion are findings 21 and 22, dealing with
the lack of any record of Judge Olsen=s reasoning.  There is no
requirement, however, that such reasoning be set forth on the record.  Furthermore, although we do not agree with
Nadolney=s
argument that, lacking such a record, we are to presume every fact necessary to
support Judge Olsen=s decision; it does not follow that the lack of a record of
Judge Olsen=s reasoning adheres to the benefit of Taub, the party with the
burden of proof on the bill of review. 

In
sum, none of Judge Herman=s factual findings describe a violation of any guiding rules or
principles.  The findings of fact are not
material to the question of whether there was substantial error in Judge Olsen=s
exercise of discretion.

The
nature of the estate.  Taub relies on the nature of the estate, as
apparent on the face of the will, to support the conclusion that appointment of
an appraiser was substantial error.  She
reasons that, because the estate was entitled to the marital deductionCand,
therefore, was not taxableCappointment of an appraiser was substantial error.  In the will, however, John also established
the John Ben Taub Credit Shelter Trust, and bequeathed to it Athe
largest amount that can pass free of federal estate tax by reason of the
unified credit and state death tax credit.@  To the extent real
property might be used to fund the trust, appraisal would seem  necessary to determine what portion of the
real property could, consistent with federal estate tax laws, be placed in the
trust.  See Taxpayer Relief Act of
1997 '
501, I.R.C. ' 2010 (2000) (amended 2001) (regarding amounts allowable under
unified credit against estate tax); 18 M.K.
Woodward & Ernest E. Smith, III, Probate and Decedents= Estates '
755 (West 1971) (stating, if estate includes property, such as real estate,
with no readily ascertainable market value, personal representative will need
help of professional or semi-professional nature in making appraisement).

Also,
at the bill of review hearing, the probate court staff attorney testified
Haynsworth had represented to the court that the estate was taxable.  Called in rebuttal, Haynsworth did not deny
the representation, but testified only that he did not understand the questionCthat
he thought the court was referring to total value, the size of the estate.  But Haynsworth=s representation put the court on notice that some of the
estate property might be taxable, thus raising questions regarding the proper
values of the property.








Given
Taub=s
burden of proof in the trial court, the discretionary nature of the act Taub
challenged, the status of the record when Judge Olsen appointed Nadolney, and
the record before this court, we cannot, under any theory, uphold Conclusion of
Law 5, i.e., that AMrs. Taub has proved that the Court made a substantial error in
appointing an appraiser to appraise the real property owned by the Estate
without findings supporting such decision.@  Accordingly, we sustain
point of error one.

Points of Error Two and Three: Denial of a
Jury Trial, Inadequate Notice, Denial of a Continuance

 

In
point of error two, Nadolney contends the trial court denied his constitutional
and statutory right to a jury trial on the bill of review proceeding.  As part of point of error three, Nadoleny
contends he was denied due process because he received inadequate notice of the
bill of review hearing and was denied a continuance.  Given our disposition of point of error one,
we need not address these contentions.

Point of Error Three Continued: Denial of
Due Process Based on the Lack of a Recusal Hearing

 

As
part of point of error three, Nadolney argues he was denied due process because
there was no hearing on Taub=s motion to recuse Judge Olsen. 
In support, he cites Government Code section 25.00255(g), which provides
in relevant part: AA judge who recuses himself . . . shall enter an order of
recusal and request that the presiding judge of the statutory probate courts
assign a judge to hear the motion for recusal or disqualification.@  Tex.
Gov=t Code Ann. ' 25.00255(g)(1) (Vernon Supp. 2003).  Thus, Government Code section 25.00255 is
unlike Texas Rule of Civil Procedure 18a, which requires a hearing only if the
judge subject to the motion declines to recuse himself.  See Tex.
R. Civ. P. 18a.








Taub
argues Government Code section 25.00255 requires a useless act, and this court
is therefore not required to enforce it. 
See City of Houston v. Jackson, 42 S.W.3d 316, 320 (Tex. App.CHouston
[14th Dist.] 2001, pet. dism=d w.o.j.) (stating too‑literal construction of a statute,
which would prevent enforcement of it according to its true intent, should be
avoided).  Citing Texas Rule of Appellate
Procedure 33.1(a), Taub also argues Nadolney waived this issue by raising it
for the first time on appeal.  We agree.

AGenerally, our civil rules of procedure and our decisions
thereunder require a party to apprise a trial court of its error before that
error can become the basis for reversal of a judgment.  In a civil case, judicial economy generally
requires that a trial court have an opportunity to correct an error before an
appeal proceeds.@  In re C.O.S.,
988 S.W.2d 760, 765 (Tex. 1999).  The
rule on which Nadolney relies was relatively new at the time of the
proceedings.  See Act of May 24,
1997, 75th Leg., R.S., ch. 1435, '' 2, 5, 1997 Tex. Gen. Laws 5506, 5508 (adding Government Code
section 25.00255 and setting effective date as September 1, 1997).  As set forth above, by requiring a hearing
when the judge agrees to recuse himself, Government Code section
25.00255 differs from Texas Civil Procedure Rule 18a.  Judicial economy required the probate court
be given an opportunity to correct its error, if any, in not holding a hearing
on the recusal motion.  Nadolney cannot
raise this issue for the first time on appeal.

We
overrule point of error three to the extent it is based on denial of a hearing
on Judge Olsen=s recusal.

Point of Error Four: Release of Funds from
Registry and Dismissal of Nadolney=s
Application for Payment 

 

In
point of error four Nadolney argues the trial court abused its discretion when
it granted Taub=s motion to release the $30,000 in the registry and dismissed,
without prejudice, Nadolney=s application for payment. 
Nadolney requests this court to vacate the two orders and remand for a
new trial on the merits.  Nadolney has
presented no authority to warrant reversal of the order releasing the funds and
no authority showing the trial court erred in dismissing the application for
payment without prejudice.








In
his will, John provided for an independent administration with Carolyn as the
independent executrix.  He specifically
invoked the language of Probate Code section 145(b), which provides:

Any
person capable of making a will may provide in his will that no other action
shall be had in the county court in relation to the settlement of his estate
than the probating and recording of his will, and the return of an inventory,
appraisement, and list of claims of his estate.

 

Tex. Prob. Code Ann. '
145(b) (Vernon 2003).[10]

The
purpose of this restraint on the probate court is Ato
free the independent executor from judicial supervision and to effect the
distribution of an estate with a minimum of cost and delay.@  Collins v. Baker, 825 S.W.2d 555, 556
(Tex. App.CHouston [14th Dist.] 1992, orig. proceeding) (citing Burke
v. Satterfield, 525 S.W.2d 950, 955 (Tex. 1975)).  Even if we were to assume Judge Olsen could
order funds be deposited in the registry before approval of the inventory and
appraisement, there is no authority for doing so after approval of the
inventory and appraisement, both of which may have occurred by now.  See id. (holding, after approval of
inventory, appraisal, and list of claims, trial court erred in ordering amounts
owed estate be deposited into registry and partial disbursement of assets be
made from funds on deposit); see also D=Unger v. De Pena,
931 S.W.2d 533, 534 (Tex. 1996) (holding probate court abused its discretion in
withholding funds from independent executor when nothing in Probate Code
specifically and explicitly provided therefor).








Nadolney
also faults the trial court for dismissing his application for payment.  The trial court dismissed the application
without prejudice, and we agree with Taub that the proper method for Nadolney
to seek reimbursement is through a suit against the independent executrix as
set forth in Probate Code section 147.  See
Tex. Prob. Code Ann. '
147 (Vernon 2003) (regarding enforcement of claims against an estate by suit); see
also Tex. Prob. Code Ann. '
322 (Vernon 2003) (setting forth expenses of administration as class 2 claims
against the estate).

Nadolney
does not identify any reason why Probate Code section 147 is not the
appropriate vehicle to enforce his claim and why he should not be treated like
any other claimant against an estate. 
Other than citing Probate Code sections 248 (dealing with appointment of
appraisers) and 253 (setting the minimum pay at five dollars per diem),
Nadolney cites no authority in support of his contention, and we have found
none.[11]

We
overrule issue four.

CONCLUSION

In
appellate cause number 14-02-00158-CV, having concluded the trial court erred
in granting the petition for a bill of review, we reverse that order and render
judgment denying the petition for a bill of review.[12]  Having found no error in the order recusing
Judge Olsen, we affirm that order.  In
appellate cause number 14-02-00392-CV, having concluded there is no error
warranting reversal, we affirm.

 

 

/s/        John
S. Anderson

Justice

 

 

 

 

Judgment rendered and Opinion filed August
12, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.








APPENDIX

 

 

                                                           FINDINGS
OF FACT

 

1.                 
On May 17, 2000, the Honorable Rory Olsen, Judge
Presiding, Harris County Probate Court No. 3, signed an order admitting John
Ben Taub=s will
into probate, appointing Carolyn Casale Taub as Independent Executrix without
bond (AMrs. Taub@), and appointing Frank Nadolney (AMr. Nadolney@)
as appraiser.

 

2.                 
In his will, John Ben Taub used the marital deduction
to bequeath his estate to his wife.

 

3.                 
''
250 and 251 of the Code require the personal representative of a decedent=s estate to file an inventory,
appraisement, and list of claims within 90 days after qualification, unless the
Court grants a longer time.

 

4.                 
On January 25, 2001, the Honorable Jim Scanlan, a
retired statutory probate court judge sitting by assignment for the Honorable
Rory Olsen, signed an order approving the inventory, appraisement, and list of
claims.

 

5.                 
'
250 of the Code places upon the personal representative the primary
responsibility of preparing the inventory and appraisement.

 

6.                 
'
250 of the Code provides that if the Court appoints an appraiser, the appraiser
is to assist the personal representative in determining the fair market value
of each item in the inventory.

 

7.                 
The inventory, appraisement, and list of claims
submitted to the Court by Mrs. Taub and approved on January 25, 2001, was
prepared without Mr. Nadolney=s
appraisement.

 

8.                 
On August 29, 2001, Mr. Nadolney filed an appraisal
report prepared by him and dated June 15, 2001.

 

9.                 
According to the inventory filed by Mrs. Taub, John Ben
Taub=s Estate
owns property in Harris, Galveston, and Chambers Counties.

 

10.             
Mr. Nadolney is a resident of Harris County.

 

11.             
On February 16, 2001, Mrs. Taub filed a bill of review
pursuant to ' 31 of
the Code.








 

12.             
'
31 of the Code provides that AAny
person interested may, by a bill of review filed in the court in which the
probate proceedings were had, have any decision, order, or judgment rendered by
the court, or by the judge thereof, revised, and corrected on showing error
therein; but no process or action under such decision, order or judgment shall
be stayed except by writ of injunction, and no bill of review shall be filed
after two years have elapsed from the date of such decision, order, or
judgment.

 

13.             
One of the purposes of the bill of review was Ato remove the Court directive to the
estate executrix to employ an appraiser.@  The bill alleged that the property rights of
no one or no party were in any way dependent on an appraisal, that the Estate
qualified for the marital deduction under '
2056 of the Internal Revenue Code, that no taxing authority had any interest in
appraisals of a tax-exempt estate and, among other things, that an appointment
of an appraiser was unnecessary.

 

14.             
The Code no longer requires the automatic appointment
of appraisers.

 

15.             
Under '
248 of the Code an appraiser is appointed (1) on the application of any
interested person or (2) under such circumstances that the Court deems it
necessary to appoint one.

 

16.             
'
3 of the Code definies interested persons as Aheirs,
devisees, spouses, creditors, or any others with a property right in, or claim
against, the estate being administered; and anyone interested in the welfare of
a minor or incompetent ward.@

 

17.             
The term personal representative is not included in the
statutory definition of an Ainterested
person.@

 

18.             
Mrs. Taub, in her capacity as independent executrix
without bond, did not file a motion requesting that the Honorable Rory Olsen
use his discretion to appoint an appraiser.

 

19.             
Mrs. Taub, in her capacity as surviving spouse, did not
file an application requesting the appointment of an appraiser.

 

20.             
In fact, Mrs. Taub requested the Court to waive the
appointment of an appraiser through the submission of an order that contained
language finding that appraisers were unnecessary.

 

21.             
The order of May 17, 2000, does not give the reasoning
behind the Court=s
decision to appoint an appraiser.








22.             
There is no record from the hearing held May 17, 2000,
setting forth why the Court ordered the appointment of an appraiser.

 

23.             
On July 31, 2001, Mrs. Taub filed a motion to recuse
the Honorable Rory Olsen, Judge of Probate Court No. 3, Harris County, Texas.

 

24.             
On August 22, 2001, the Honorable Rory Olsen recused
himself, necessitating the then-Presiding Judge of the Statutory Probate Courts
of Texas, the Honorable Guy Herman, to preside over the case.

 











[1]  For
simplicity, future references to the cause numbers will be as follows:
appellate cause number 158 and appellate cause number 392.





[2]  We will refer
to Carolyn Taub as ACarolyn@ or ATaub@  and to the
decedent as AJohn.@  When
necessary, we will designate the capacity in which Carolyn was acting during
the probate proceedings.





[3]  Probate
Code Section 31 provides:

 

Any
person interested may, by a bill of review filed in the court in which the
probate proceedings were had, have any decision, order, or judgment rendered by
the court, or by the judge thereof, revised and corrected on showing error
therein;  but no process or action under
such decision, order or judgment shall be stayed except by writ of injunction,
and no bill of review shall be filed after two years have elapsed from the date
of such decision, order, or judgment.

 

Tex. Prob. Code
Ann. ' 31 (Vernon 2003). 

As executrix, Taub did not have the requisite interest in the estate to
prosecute a bill of review.  See Cunningham
v. Fox, 879 S.W.2d 210, 212 (Tex. App.CHouston
[14th Dist.] 1994, writ denied). 
However, because Taub was also a spouse and a devisee under the will,
she was a Aperson interested@ and
therefore qualified to bring a bill of review. 
See Tex. Prob. Code Ann.
'' 3(r), 31 (Vernon 2003). 





[4]  The
court adverted to the lack of a record of the hearing at which Nadolney was
appointed, and the lack of Judge Olsen=s
testimony at the bill of review hearing.





[5]  See Tex. Prob. Code Ann. ' 248 (Vernon 2003) (providing for appointment of
citizens of the county where such part of the estate is situated when such part
is situated in a county other than the county in which letters were granted).





[6]  An order in a
probate matter is appealable if the order finally disposes of the issue or
controverted question for which that particular part of the proceeding was
brought.  Crowson v. Wakeham, 897
S.W.2d 779, 781 (Tex. 1995).





[7]  The findings
of fact are set forth in the appendix to this opinion.  The relevant conclusion of law is set forth
in footnote 9 below.





[8]  We will treat
the statement of an issue Aas covering every subsidiary question that is fairly
included.@  Tex. R. App. P. 38.1(e).





[9]  Findings of
Fact 18 through 20 concerned Taub=s not
having requested an appraiser and purportedly having asked the probate court to
waive appointment of an appraiser.  In
Conclusion of Law 4, the court stated, AAn
appraiser should not be appointed unless an interested person applies for the
appointment of an appraiser, unless the personal representative requests the
Court to appoint an appraiser, or when the Court can ascertain from the
pleadings that an appraiser is necessary.@  In Conclusion of Law 5, the court stated:

 

Mrs.
Taub has proved that the Court made a substantial error in appointing an
appraiser to appraise the real property owned by the Estate without findings
supporting such decision in light of the fact that (1) Mrs. Taub did not
request the appointment, but, in fact, requested the Court to waive the
appointment of an appraiser; (2) as the personal representative, she was in the
best position to know whether an appraiser was needed; (3) Mrs. Taub did not
ask the Court for assistance in evaluating the assets of the estate; (4)
nothing in the documents submitted to the Court at the hearing held on May 17,
2000, led the Court to reasonably conclude that the appointment of an appraiser
was necessary, and, in fact, a perusal of the Will revealed that it was drafted
to shelter the Decedent=s estate from estate and gift taxes by devising the
estate to Mrs. Taub, the surviving spouse and primary beneficiary; and (5) the
Estate was entitled to an unlimited marital deduction and was therefore a
non-taxable estate for federal estate tax purposes or state inheritance tax
purposes.





[10]  In section
145(b), A>County Court= and >Probate Court= are
synonymous terms and denote county courts in the exercise of their probate
jurisdiction, courts created by statute and authorized to exercise original
probate jurisdiction, and district courts exercising probate jurisdiction in
contested matters.@  Tex. Prob. Code Ann. ' 3(e) (Vernon 2003).





[11]  Nadolney
contends he perfected his claims against Athe
Estate@ when he filed his counterclaim to Taub=s bill of review. 
In his counterclaim, however, Nadolney prayed only for attorney=s fees.





[12]  The orders
denying a jury trial and a continuance are moot given the rendition of judgment
denying the petition for a bill of review.