Frank E. **NADOLNEY** d/b/a Nadolney Enterprises, Appellant,

v.

Carolyn C. **TAUB**, Executrix of the Estate of John Ben Taub, Deceased, Appellee.

Nos. 14–02–00158–CV, 14–02–00392–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 2003.

Rehearing Overruled Oct. 23, 2003.

Joseph O. Slovacek, Thomas Michael Pickford, Houston, for appellant.

Joe G. Roady, Stuart G Haynsworth, Houston, for appellee.

Panel consists of Justices ANDERSON, SEYMORE, and GUZMAN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant Frank E. Nadolney d/b/a Nadolney Enterprises brings two appeals in this probate case. In appellate cause number 14–02–00158–CV, Nadolney challenges the following orders: (1) Judge Rory R. Olsen's order recusing himself, and (2) Judge Guy Herman's subsequent orders (a) granting a petition for a bill of review brought by appellee Carolyn C. Taub, Executrix of the Estate of John Ben Taub, Deceased, (b) denying Nadolney's request for a jury trial, and (c) denying Nadolney's request for a continuance. In appellate cause number 14–02–00392–CV, Nadolney challenges (1) an order for disbursal of funds from the registry and (2) an order dismissing, without prejudice, Nadolney's application for payment.[1] In appellate cause number 158, we affirm the

---

1. For simplicity, future references to the cause numbers will be as follows: appellate cause number 158 and appellate cause number 392.

recusal order, but reverse the order granting the petition for a bill of review and render judgment denying the petition. Accordingly, we do not address the orders denying a jury trial and denying a continuance. In appellate cause number 392, we affirm.

## PROCEDURAL BACKGROUND

In his last will and testament, John Ben Taub appointed his wife, Carolyn C. Taub, as his independent executrix. John also bequeathed to Carolyn, as trustee, the "John Ben Taub Credit Shelter Trust ... the largest amount that can pass free of federal estate tax by reason of the unified credit and state death tax credit allowable...." Other than two small gifts to family employees, John bequeathed the remainder of his estate to Carolyn.[2]

John died April 13, 2000, and Judge Olsen decreed the will be admitted to probate on May 17, 2000. In the same decree, Judge Olsen named Carolyn as the independent executrix and appointed Nadolney as the appraiser. In July 2000, Nadolney wrote Stuart Haynsworth, the attorney who drafted the will and represented Taub in having the will probated. Nadolney requested a retainer of $35,000.

At the end of August 2000, Nadolney filed a motion requesting the court to require that Taub deposit sufficient funds to secure the expenses of the appraisal. Taub opposed Nadolney's motion, requesting the court to withdraw Nadolney's appointment and appoint Charles Baranski in Nadolney's place. On September 28, 2000, the probate court ordered Taub to pay Nadolney $30,000 directly or pay the amount into the registry of the court. Taub paid the money into the registry on October 19, 2000.

■ After the court granted at least three extensions, Taub filed a preliminary inventory, and the probate court approved the inventory on January 25, 2001. On February 16, 2001, Taub, in her capacity as a devisee and therefore a "person interested," filed a petition for a bill of review pursuant to Probate Code section 31, seeking the court's assistance to obtain a fair, market-based fee agreement with the court-appointed appraiser (Nadolney) or, "in the preferred alternative," to remove the court's directive that executrix employ an appraiser.[3] Attached to the motion were Nadolney's estimate for doing the work along with lower estimates from three other appraisers.

In July 2001, Taub filed a motion to recuse Judge Olsen. She alleged Judge Olsen was not impartial based on (1) his appointment of an appraiser, over Taub's objection, for an estate on which no federal or state taxes would be payable, and (2)

---

**2.** We will refer to Carolyn Taub as "Carolyn" or "Taub" and to the decedent as "John." When necessary, we will designate the capacity in which Carolyn was acting during the probate proceedings.

**3.** Probate Code Section 31 provides:
 Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by

writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.
TEX. PROB.CODE ANN. § 31 (Vernon 2003).
 As executrix, Taub did not have the requisite interest in the estate to prosecute a bill of review. *See Cunningham v. Fox,* 879 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1994, writ denied). However, because Taub was also a spouse and a devisee under the will, she was a "person interested" and therefore qualified to bring a bill of review. *See* TEX. PROB.CODE ANN. §§ 3(r), 31 (Vernon 2003).

the sum of money allocated to the appraiser. On August 22, without a response from Nadolney or a hearing, Judge Olsen recused himself.

On August 29, 2001, Nadolney paid a jury fee. Apparently, Judge Herman attempted to schedule a hearing date on the bill of review on September 21, 2001, but Nadolney was unavailable. By telephone messages the week of September 3, 2001 and by letter dated October 16, 2001, the court informed Nadolney of a hearing to be held October 19, 2001.

On October 19, 2001, Nadolney filed a motion for a continuance, appeared, and announced not ready. The court denied the motion for continuance and conducted a hearing on Taub's bill of review. At the hearing, Taub introduced the federal estate tax return and the order requiring payment or deposit of $30,000. Taub and Haynsworth testified they had not requested the appointment of an appraiser. On cross-examination Haynsworth was asked about a response Haynsworth may have made to Judge Olsen about whether this was a taxable estate. Haynsworth testified, his "answer to whatever inquiry [Judge Olsen] made was that the estate had significant assets of a significant value to be taxable if other situations did not exist." Taub denied Haynsworth had told Judge Olsen the estate was taxable and had substantial real property interests.

Nadolney called Georgia Aikers, staff attorney and court coordinator for Probate Court No. 3. She testified she was present at the hearing when the will was admitted to probate. According to Aikers, when Judge Olsen asked Haynsworth whether the estate was taxable, Haynsworth responded that it was. Aikers also testified Haynsworth told Judge Olsen the estate consisted primarily of real estate, and Judge Olsen appointed an appraiser.

Taub called Haynsworth in rebuttal. Haynsworth testified he had a hearing impairment and could not understand Judge Olsen every time he spoke. Haynsworth testified he understood Judge Olsen to be asking about the total value of the estate. According to Haynsworth, he later made it known to the court the estate was not taxable and the whole purpose of the will as it was constructed was to avoid taxation.

By written orders signed November 6, 2001, the trial court granted Taub's petition for bill of review, denied Nadolney's demand for a jury trial, and denied Nadolney's motion for continuance. In a letter dated the same day, the court referred to the lack of any explanation from Judge Olsen regarding why he appointed an appraiser.[4] The court also observed appointment of an appraiser made no sense in light of the unlimited marital deduction. The court referred to the fact that, although the estate had property in several counties, the court appointed only one appraiser, contrary to the residency requirement.[5] Finally, the court observed acceptance and approval of the inventory on January 25, 2001 dispensed with the need for an appraiser.

Nadolney filed a motion for rehearing, a motion for new trial, and a request for findings of fact and conclusions of law. On February 4, 2002, he filed a notice of appeal from the court's November 6, 2001

4. The court adverted to the lack of a record of the hearing at which Nadolney was appointed, and the lack of Judge Olsen's testimony at the bill of review hearing.

5. See Tex. Prob.Code Ann. § 248 (Vernon 2003) (providing for appointment of citizens of the county where such part of the estate is situated when such part is situated in a county other than the county in which letters were granted).

orders. This appeal is appellate cause number 158.[6]

In the meantime, Taub filed a motion for an order disbursing funds in the court's registry, based on the order granting Taub's petition for bill of review. In a single document, Nadolney filed an application for payment and response to the motion for an order dispersing funds. On February 22, 2002, the trial court heard Taub's motion and Nadolney's application for payment. By bill of exception, Nadolney testified, to a reasonable degree of certainty, $50,000 was the reasonable value of the services he performed for the estate. He further testified he would not have done the work had he not been "ordered" by the court and had there not been a security deposit. Another appraiser testified Nadolney's fee was "extremely reasonable." Finally Nadolney's attorney testified regarding attorney's fees. Taub did not present evidence, but argued there is no authority in the probate code to authorize the deposit.

By written order dated February 22, 2002, the trial court granted Taub's motion and ordered the clerk withdraw from the registry and pay to Taub the $30,000 plus any accrued interest. On March 6, 2002, Nadolney filed his notice of appeal, challenging "the trial court's judgment and orders rendered on February 22, 2002." This appeal is appellate cause number 392.

By written order signed April 3, 2002, the trial court dismissed Nadolney's application for payment without prejudice. The record does not contain a notice of appeal from the April 3, 2002 order. On April 15, 2002, the trial court filed its findings of fact and conclusions of law.[7]

## DISCUSSION

### *Point of Error One: The Bill of Review*

In point of error one, Nadolney challenges the trial court's order granting Taub's petition for a bill of review. He contends there was "no evidence" or "insufficient evidence" to support a finding that the trial court's order appointing an appraiser was substantial error, or alternatively, an abuse of discretion. As discussed below, however, the gravamen of Nadolney's complaint is that, even if there was sufficient evidence to support each of the trial court's findings of fact, those findings do not support the only relevant conclusion of law.[8]

** Taub's burden of proof on a section 31 bill of review.** The purpose of a section 31 bill of review is to revise and correct errors, not merely to set aside decisions, orders, or judgments rendered by the probate court. *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ). To prevail on her statutory bill of review, Taub had specifically to allege and prove the trial judge committed substantial error in appointing an appraiser. *See Hoover v. Sims*, 792 S.W.2d 171, 173 (Tex.App.-Houston [1st Dist.] 1990, writ denied). The errors need not have appeared on the face of the record; but, if not, Taub must have proved the errors at trial by a preponderance of the evidence. *See McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex.App.-Dallas 1989, writ denied).

---

6. An order in a probate matter is appealable if the order finally disposes of the issue or controverted question for which that particular part of the proceeding was brought. *Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex.1995).

7. The findings of fact are set forth in the appendix to this opinion. The relevant conclusion of law is set forth in footnote 9 below.

8. We will treat the statement of an issue "as covering every subsidiary question that is fairly included." Tex.R.App. P. 38.1(e).

■ **Standard of appellate review.**
In the present case, Judge Herman filed
findings of fact and conclusions of law in
support of his order granting Taub's peti-
tion for a bill of review. A trial judge's
findings of fact following a hearing on a
bill of review have the same force and
effect as jury findings. *See Hoover,* 792
S.W.2d at 173. Generally, a court will
review a trial judge's findings of fact in a
bill of review proceeding using the same
standards we use in reviewing the suffi-
ciency of the evidence to support a jury's
answers. *See id.; see also Gregory v.
Sunbelt Sav., F.S.B.,* 835 S.W.2d 155, 158
(Tex.App.-Dallas 1992, writ denied).

These standards are well-established.
When a party challenges the legal suffi-
ciency of the evidence supporting an ad-
verse finding on an issue on which it does
not have the burden of proof, that party
must demonstrate on appeal that there is
no evidence to support the adverse finding.
*See Croucher v. Croucher,* 660 S.W.2d 55,
58 (Tex.1983); *Price Pfister, Inc. v. Moore
& Kimmey, Inc.,* 48 S.W.3d 341, 347 (Tex.
App.-Houston [14th Dist.] 2001, pet. de-
nied). We consider all the evidence in the
light most favorable to the finding, indulg-
ing every reasonable inference in favor of
the prevailing party. *See Associated In-
dem. Corp. v. CAT Contracting, Inc.,* 964
S.W.2d 276, 285–86 (Tex.1998). A court
will sustain a legal sufficiency point when
(a) there is a complete absence of evidence
of a vital fact, (b) the court is barred by
rules of law or of evidence from giving
weight to the only evidence offered to
prove a vital fact, (c) the evidence offered
to prove a vital fact is no more than a
mere scintilla, or (d) the evidence conclu-
sively establishes the opposite of a vital
fact. *See Merrell Dow Pharms., Inc. v.
Havner,* 953 S.W.2d 706, 711 (Tex.1997).

In conducting a factual sufficiency re-
view, we must examine the entire record,
considering both the evidence in favor of,
and contrary to, the challenged finding.
*Maritime Overseas Corp. v. Ellis,* 971
S.W.2d 402, 406–07 (Tex.1998). We set
aside a trial judge's finding on factual in-
sufficiency grounds only if it is so against
the great weight and preponderance of the
evidence as to be clearly wrong and unjust.
*Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.
1996).

The preceding standards, however, do
not completely encompass Nadolney's ar-
gument regarding the bill of review—an
argument directed primarily at the rela-
tionship between Judge Herman's factual
findings and his ultimate conclusion of law
that the order appointing an appraiser
constituted substantial error. For exam-
ple, Nadolney argues "Conclusions of Law
# 4 and # 5 and Findings of Fact # 18
through # 20 are either *insignificant as a
matter of law,* demonstrate that the trial
court improperly shifted the burden of
proof, or are wholly rebutted by the proba-
tive evidence in the record" (emphasis add-
ed).[9] He then expands, "Specifically,

**9.** Findings of Fact 18 through 20 concerned
Taub's not having requested an appraiser and
purportedly having asked the probate court to
waive appointment of an appraiser. In Con-
clusion of Law 4, the court stated, "An ap-
praiser should not be appointed unless an
interested person applies for the appointment
of an appraiser, unless the personal represen-
tative requests the Court to appoint an ap-
praiser, or when the Court can ascertain from
the pleadings that an appraiser is necessary."
In Conclusion of Law 5, the court stated:

Mrs. Taub has proved that the Court made
a substantial error in appointing an ap-
praiser to appraise the real property owned
by the Estate without findings supporting
such decision in light of the fact that (1)
Mrs. Taub did not request the appointment,
but, in fact, requested the Court to waive
the appointment of an appraiser; (2) as the
personal representative, she was in the best
position to know whether an appraiser was
needed; (3) Mrs. Taub did not ask the

Findings of Fact # 18 through # 20, and subparts (1) through (3) within Conclusion of Law # 5, are ***insignificant, as a matter of law,*** because the decision to appoint an appraiser is within the sound discretion of the trial judge" (emphasis added).

█ Thus, in point of error one, Nadolney is challenging Conclusion of Law Number 5, *i.e.,* that Judge Olsen made a substantial error in appointing an appraiser. We review the trial court's conclusions of law de novo. *Smith v. Smith,* 22 S.W.3d 140, 143–44 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The standard of review for conclusions of law is whether they are correct. *Dickerson v. DeBarbieris,* 964 S.W.2d 680, 683 (Tex.App.-Houston [14th Dist.] 1998, no pet.). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Waggoner v. Morrow,* 932 S.W.2d 627, 631 (Tex.App.-Houston [14th Dist.] 1996, no writ). Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

**Discretionary nature of challenged act.** The discretionary nature of Judge Olsen's challenged act, however, is relevant to our analysis of Judge Herman's order overturning that act. In the present case, Taub directed her bill of review at the trial court's appointment of an appraiser pursuant to Probate Code section 248, which provides:

> At any time after the grant of letters testamentary or of administration, upon the application of any interested person

or if the court shall deem necessary, the court shall appoint not less than one nor more than three disinterested persons, citizens of the county in which letters were granted, to appraise the property of the estate. In such event and when part of the estate is situated in a county other than the county in which letters were granted, if the court shall deem necessary it may appoint not less than one nor more than three disinterested persons, citizens of the county where such part of the estate is situated, to appraise the property of the estate situated therein.

TEX. PROB.CODE ANN. § 248 (Vernon 2003). Thus, under section 248, the trial court "shall appoint" an appraiser under either of two circumstances: (1) on application of an interested person or (2) "if the court shall deem necessary." *Id.* Taub presented uncontroverted evidence neither she nor her attorney requested an appraiser.

█ The focus, therefore, is on the second prong of section 248: whether the trial court (Judge Olsen) committed *substantial* error when it *deemed* appointment of an appraiser *necessary,* a decision which both parties agree was within the trial court's discretion. A trial court does not abuse its discretion unless it acts without reference to guiding rules and principles or its act is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

The present case is therefore unlike Probate Code section 31 cases in which the party seeking a bill of review alleges that

Court for assistance in evaluating the assets of the estate; (4) nothing in the documents submitted to the Court at the hearing held on May 17, 2000, led the Court to reasonably conclude that the appointment of an appraiser was necessary, and, in fact, a perusal of the Will revealed that it was drafted to shelter the Decedent's estate

from estate and gift taxes by devising the estate to Mrs. Taub, the surviving spouse and primary beneficiary; and (5) the Estate was entitled to an unlimited marital deduction and was therefore a non-taxable estate for federal estate tax purposes or state inheritance tax purposes.

the trial court has acted in direct derogation of a specific, non-discretionary, provision of the probate code. *See, e.g., Walker v. Sharpe,* 807 S.W.2d 448, 450–51 (Tex. App.-Corpus Christi 1991, writ denied) (involving order confirming sale of property when property was sold before order issued authorizing sale, contrary to Probate Code sections 331, 341–46, 353, 355); *McDonald,* 783 S.W.2d at 287 (involving disproportionate distribution of estate of intestate decedent, contrary to Probate Code section 45). In contrast, the question before Judge Herman was whether Taub had proved substantial error in Judge Olsen's discretionary act.

We have reviewed the controlling findings of fact to see whether they support the legal conclusion in question. Judge Herman found: "9. According to the inventory filed by Mrs. Taub, John Ben Taub's Estate owns property in Harris, Galveston, and Chambers Counties." Judge Herman also found: "10. Mr. Nadolney is a resident of Harris County." Initially, these factual findings appear to support a conclusion that Judge Olsen violated a rule of law and therefore abused his discretion by appointing Nadolney. *See* TEX. PROB.CODE ANN. § 248 (Vernon 2003) (providing for appointment of citizens of the county where such part of the estate is situated when such part is situated in a county other than the county in which letters were granted).

In her petition for bill of review, however, Taub did not challenge Nadolney's appointment on this ground. To the contrary, she stated, "Petitioner does not allege that [Nadolney] is not eligible or is incapable of performing the Taub Estate appraisal...." Furthermore, when Judge Olsen appointed Nadolney, the inventory had not been filed, and there is nothing in the record to suggest, at the time of appointment, Judge Olsen knew the specific location of the Estate's properties. Therefore, on closer examination, findings 9 and 10 do not support a conclusion Judge Olsen abused his discretion in appointing Nadolney.

The only other findings even marginally relevant to the question of the propriety of Judge Olsen's exercise of discretion are findings 21 and 22, dealing with the lack of any record of Judge Olsen's reasoning. There is no requirement, however, that such reasoning be set forth on the record. Furthermore, although we do not agree with Nadolney's argument that, lacking such a record, we are to presume every fact necessary to support Judge Olsen's decision; it does not follow that the lack of a record of Judge Olsen's reasoning adheres to the benefit of Taub, the party with the burden of proof on the bill of review.

In sum, none of Judge Herman's factual findings describe a violation of any guiding rules or principles. The findings of fact are not material to the question of whether there was substantial error in Judge Olsen's exercise of discretion.

**The nature of the estate.** Taub relies on the nature of the estate, as apparent on the face of the will, to support the conclusion that appointment of an appraiser was substantial error. She reasons that, because the estate was entitled to the marital deduction—and, therefore, was not taxable—appointment of an appraiser was substantial error. In the will, however, John also established the John Ben Taub Credit Shelter Trust, and bequeathed to it "the largest amount that can pass free of federal estate tax by reason of the unified credit and state death tax credit." To the extent real property might be used to fund the trust, appraisal would seem necessary to determine what portion of the real property could, consistent with federal estate tax laws, be placed in the trust. *See* Tax-

payer Relief Act of 1997 § 501, I.R.C. § 2010 (2000) (amended 2001) (regarding amounts allowable under unified credit against estate tax); 18 M.K. Woodward & Ernest E. Smith, III, Probate and Decedents' Estates § 755 (West 1971) (stating, if estate includes property, such as real estate, with no readily ascertainable market value, personal representative will need help of professional or semi-professional nature in making appraisement).

Also, at the bill of review hearing, the probate court staff attorney testified Haynsworth had represented to the court that the estate was taxable. Called in rebuttal, Haynsworth did not deny the representation, but testified only that he did not understand the question—that he thought the court was referring to total value, the size of the estate. But Haynsworth's representation put the court on notice that some of the estate property might be taxable, thus raising questions regarding the proper values of the property.

■ Given Taub's burden of proof in the trial court, the discretionary nature of the act Taub challenged, the status of the record when Judge Olsen appointed Nadolney, and the record before this court, we cannot, under any theory, uphold Conclusion of Law 5, *i.e.,* that "Mrs. Taub has proved that the Court made a substantial error in appointing an appraiser to appraise the real property owned by the Estate without findings supporting such decision." Accordingly, we sustain point of error one.

### Points of Error Two and Three: Denial of a Jury Trial, Inadequate Notice, Denial of a Continuance

In point of error two, Nadolney contends the trial court denied his constitutional and statutory right to a jury trial on the bill of review proceeding. As part of point of error three, Nadolney contends he was denied due process because he received inadequate notice of the bill of review hearing and was denied a continuance. Given our disposition of point of error one, we need not address these contentions.

### Point of Error Three Continued: Denial of Due Process Based on the Lack of a Recusal Hearing

As part of point of error three, Nadolney argues he was denied due process because there was no hearing on Taub's motion to recuse Judge Olsen. In support, he cites Government Code section 25.00255(g), which provides in relevant part: "A judge who recuses himself ... shall enter an order of recusal and request that the presiding judge of the statutory probate courts assign a judge to hear the motion for recusal or disqualification." Tex. Gov't Code Ann. § 25.00255(g)(1) (Vernon Supp.2003). Thus, Government Code section 25.00255 is unlike Texas Rule of Civil Procedure 18a, which requires a hearing only if the judge subject to the motion declines to recuse himself. *See* Tex.R. Civ. P. 18a.

■ Taub argues Government Code section 25.00255 requires a useless act, and this court is therefore not required to enforce it. *See City of Houston v. Jackson,* 42 S.W.3d 316, 320 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd w.o.j.) (stating too-literal construction of a statute, which would prevent enforcement of it according to its true intent, should be avoided). Citing Texas Rule of Appellate Procedure 33.1(a), Taub also argues Nadolney waived this issue by raising it for the first time on appeal. We agree.

■ "Generally, our civil rules of procedure and our decisions thereunder require a party to apprise a trial court of its error before that error can become the

basis for reversal of a judgment. In a civil case, judicial economy generally requires that a trial court have an opportunity to correct an error before an appeal proceeds." *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex.1999). The rule on which Nadolney relies was relatively new at the time of the proceedings. *See* Act of May 24, 1997, 75th Leg., R.S., ch. 1435, §§ 2, 5, 1997 Tex. Gen. Laws 5506, 5508 (adding Government Code section 25.00255 and setting effective date as September 1, 1997). As set forth above, by requiring a hearing when the judge *agrees* to recuse himself, Government Code section 25.00255 differs from Texas Civil Procedure Rule 18a. Judicial economy required the probate court be given an opportunity to correct its error, if any, in not holding a hearing on the recusal motion. Nadolney cannot raise this issue for the first time on appeal.

We overrule point of error three to the extent it is based on denial of a hearing on Judge Olsen's recusal.

### Point of Error Four: Release of Funds from Registry and Dismissal of Nadolney's Application for Payment

In point of error four Nadolney argues the trial court abused its discretion when it granted Taub's motion to release the $30,000 in the registry and dismissed, without prejudice, Nadolney's application for payment. Nadolney requests this court to vacate the two orders and remand for a new trial on the merits. Nadolney has presented no authority to warrant reversal of the order releasing the funds and no authority showing the trial court erred in dismissing the application for payment without prejudice.

In his will, John provided for an independent administration with Carolyn as the independent executrix. He specifically invoked the language of Probate Code section 145(b), which provides:

> Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate.

TEX. PROB.CODE ANN. § 145(b) (Vernon 2003).[10]

 The purpose of this restraint on the probate court is "to free the independent executor from judicial supervision and to effect the distribution of an estate with a minimum of cost and delay." *Collins v. Baker*, 825 S.W.2d 555, 556 (Tex. App.-Houston [14th Dist.] 1992, orig. proceeding) (citing *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975)). Even if we were to assume Judge Olsen could order funds be deposited in the registry before approval of the inventory and appraisement, there is no authority for doing so after approval of the inventory and appraisement, both of which may have occurred by now. *See id.* (holding, after approval of inventory, appraisal, and list of claims, trial court erred in ordering amounts owed estate be deposited into registry and partial disbursement of assets be made from funds on deposit); *see also D'Unger v. De Pena*, 931 S.W.2d 533, 534 (Tex.1996) (holding probate court abused its discretion in withholding funds from independent executor when nothing in Probate Code specifically and explicitly provided therefor).

10. In section 145(b), " 'County Court' and 'Probate Court' are synonymous terms and denote county courts in the exercise of their probate jurisdiction, courts created by statute and authorized to exercise original probate jurisdiction, and district courts exercising probate jurisdiction in contested matters." TEX. PROB.CODE ANN. § 3(e) (Vernon 2003).

■ Nadolney also faults the trial court for dismissing his application for payment. The trial court dismissed the application without prejudice, and we agree with Taub that the proper method for Nadolney to seek reimbursement is through a suit against the independent executrix as set forth in Probate Code section 147. *See* TEX. PROB.CODE ANN. § 147 (Vernon 2003) (regarding enforcement of claims against an estate by suit); *see also* TEX. PROB.CODE ANN. § 322 (Vernon 2003) (setting forth expenses of administration as class 2 claims against the estate).

Nadolney does not identify any reason why Probate Code section 147 is not the appropriate vehicle to enforce his claim and why he should not be treated like any other claimant against an estate. Other than citing Probate Code sections 248 (dealing with appointment of appraisers) and 253 (setting the minimum pay at five dollars per diem), Nadolney cites no authority in support of his contention, and we have found none.[11]

We overrule issue four.

## CONCLUSION

In appellate cause number 14–02–00158–CV, having concluded the trial court erred in granting the petition for a bill of review, we reverse that order and render judgment denying the petition for a bill of review.[12] Having found no error in the order recusing Judge Olsen, we affirm that order. In appellate cause number 14–02–00392–CV, having concluded there is no error warranting reversal, we affirm.

## APPENDIX

### FINDINGS OF FACT

1. On May 17, 2000, the Honorable Rory Olsen, Judge Presiding, Harris County Probate Court No. 3, signed an order admitting John Ben Taub's will into probate, appointing Carolyn Casale Taub as Independent Executrix without bond ("Mrs. Taub"), and appointing Frank Nadolney ("Mr. Nadolney") as appraiser.

2. In his will, John Ben Taub used the marital deduction to bequeath his estate to his wife.

3. §§ 250 and 251 of the Code require the personal representative of a decedent's estate to file an inventory, appraisement, and list of claims within 90 days after qualification, unless the Court grants a longer time.

4. On January 25, 2001, the Honorable Jim Scanlan, a retired statutory probate court judge sitting by assignment for the Honorable Rory Olsen, signed an order approving the inventory, appraisement, and list of claims.

5. § 250 of the Code places upon the personal representative the primary responsibility of preparing the inventory and appraisement.

6. § 250 of the Code provides that if the Court appoints an appraiser, the appraiser is to assist the personal representative in determining the fair market value of each item in the inventory.

7. The inventory, appraisement, and list of claims submitted to the Court by Mrs. Taub and approved on January 25, 2001, was prepared without Mr. Nadolney's appraisement.

---

11. Nadolney contends he perfected his claims against "the Estate" when he filed his counterclaim to Taub's bill of review. In his counterclaim, however, Nadolney prayed only for attorney's fees.

12. The orders denying a jury trial and a continuance are moot given the rendition of judgment denying the petition for a bill of review.

8. On August 29, 2001, Mr. Nadolney filed an appraisal report prepared by him and dated June 15, 2001.

9. According to the inventory filed by Mrs. Taub, John Ben Taub's Estate owns property in Harris, Galveston, and Chambers Counties.

10. Mr. Nadolney is a resident of Harris County.

11. On February 16, 2001, Mrs. Taub filed a bill of review pursuant to § 31 of the Code.

12. § 31 of the Code provides that "Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised, and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment."

13. One of the purposes of the bill of review was "to remove the Court directive to the estate executrix to employ an appraiser." The bill alleged that the property rights of no one or no party were in any way dependent on an appraisal, that the Estate qualified for the marital deduction under § 2056 of the Internal Revenue Code, that no taxing authority had any interest in appraisals of a tax-exempt estate and, among other things, that an appointment of an appraiser was unnecessary.

14. The Code no longer requires the automatic appointment of appraisers.

15. Under § 248 of the Code an appraiser is appointed (1) on the application of any interested person or (2) under such circumstances that the Court deems it necessary to appoint one.

16. § 3 of the Code defines interested persons as "heirs, devisees, spouses, creditors, or any others with a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward."

17. The term personal representative is not included in the statutory definition of an "interested person."

18. Mrs. Taub, in her capacity as independent executrix without bond, did not file a motion requesting that the Honorable Rory Olsen use his discretion to appoint an appraiser.

19. Mrs. Taub, in her capacity as surviving spouse, did not file an application requesting the appointment of an appraiser.

20. In fact, Mrs. Taub requested the Court to waive the appointment of an appraiser through the submission of an order that contained language finding that appraisers were unnecessary.

21. The order of May 17, 2000, does not give the reasoning behind the Court's decision to appoint an appraiser.

22. There is no record from the hearing held May 17, 2000, setting forth why the Court ordered the appointment of an appraiser.

23. On July 31, 2001, Mrs. Taub filed a motion to recuse the Honorable Rory Olsen, Judge of Probate Court No. 3, Harris County, Texas.

24. On August 22, 2001, the Honorable Rory Olsen recused himself, necessitating the then-Presiding Judge of the Statutory Probate Courts of Tex-

as, the Honorable Guy Herman, to preside over the case.