

## NUMBER 13-11-00287-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF X.L.S., A MINOR CHILD

### On appeal from the County Court at Law No. 1 of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Appellant Nora Lopez, mother of X.L.S., a minor child, appeals from the denial of a statutory bill of review filed to set aside an order appointing appellee Arnoldo Argullin, X.L.S.'s great-grandfather, as X.L.S.'s permanent guardian. *See* TEX. PROB. CODE ANN. § 657 (West 2003).[1] Appellant contends that the statutory bill of review should have been granted to correct the trial court's substantial error in appointing Argullin as

---

[1] Section 657 of the probate code provides that an interested person may file a bill of review to revise or correct an erroneous decision, order, or judgment rendered by a court in a guardianship proceeding within two years of the decision. *See* TEX. PROB. CODE ANN. § 657 (West 2003). We note that Argullin did not file a brief to assist us in our disposition of this appeal.

permanent guardian. By three issues, appellant contends the trial court erred by: (1) appointing Argullin as permanent guardian when he had not filed an application for permanent guardianship; (2) appointing a non-parent as X.L.S.'s guardian without a showing of necessity; and (3) entering a judgment against her when she was a minor at the time of the guardianship proceeding and was not represented by a next friend or guardian ad litem. We reverse and remand to the trial court.

## I. BACKGROUND

On May 21, 2008, when X.L.S. was approximately seven months old, Argullin filed an application for appointment as X.L.S.'s temporary guardian. *See id.* § 875 (West Supp. 2011). On the same day, the trial court appointed Argullin as X.L.S.'s temporary guardian.

On September 9, 2008, the trial court held a hearing to consider the necessity for the continuation of Argullin's appointment as temporary guardian. Argullin, who was represented by counsel, and his wife appeared at the hearing. Appellant appeared pro se and Aaron Sillero, X.L.S.'s father, appeared pro se. During the hearing, Argullin's counsel asked whether appellant and Sillero agreed with confirming Argullin's appointment as X.L.S.'s temporary guardian. Appellant said, "No." Sillero said he and appellant were "trying to get [their] son back." Several times throughout the hearing, there were references to Argullin's application for appointment as temporary guardian. For example, Argullin's counsel stated, "Mr. Arguillin [sic], you are asking the Court to confirm your appointment as temporary guardian of [X.L.S.] . . . ?" Shortly thereafter, appellant appeared to agree only to temporary guardianship.[2] The trial court stated,

_____

[2] Specifically, appellant stated, "I agree that she can take care of him temporarily, but as far as—" Although appellant did not specify the identity of "she" in this statement, we assume she was referring to

2

"Well, we're just asking for temporary guardianship right now." Immediately thereafter, Argullin's counsel stated, "We are, Your Honor, although we had previously asked that the Court convert it to permanent, but we'll take that up at the conclusion of the hearing, if necessary." Shortly thereafter, X.L.S.'s guardian ad litem noted, "And this is temporary guardianship."

At the conclusion of the hearing, Argullin's counsel presented the trial court with two proposed orders: one confirming Argullin as temporary guardian and one appointing him as permanent guardian. The trial court stated that it was granting permanent guardianship. The trial court signed an order appointing Argullin as permanent guardian that same day, September 9, 2008.

On September 7, 2010, appellant filed a statutory bill of review, contending that the order appointing Argullin as X.L.S.'s permanent guardian should be set aside because: (1) her due process rights were violated and (2) she had a meritorious defense to Argullin's appointment as permanent guardian because she was X.L.S.'s natural parent. On March 22, 2011, the trial court held a hearing on appellant's bill of review. Both appellant and Argullin were represented by counsel. At the hearing, appellant's counsel complained that: (1) Argullin had only applied for temporary guardianship, but was appointed as permanent guardian; (2) appellant had no notice of the September 9, 2008 hearing; and (3) appellant was prevented from presenting a meritorious defense because she was a minor at the time of the guardianship hearing and was not represented by a next friend or guardian ad litem. The trial court stated that it had no intention of removing X.L.S. from Argullin's care because X.L.S. was being taken care of and was doing well. When appellant asked to address the court,

Argullin's wife.

the court refused, noting that it was not concerned with her or Argullin, but with the best interest of X.L.S. On April 11, 2011, the trial court signed an order denying appellant's bill of review.

Pursuant to appellant's request, on May 2, 2011, the trial court issued findings of fact and conclusions of law. Among the findings of fact was that, at the guardianship hearing on September 9, 2008, neither Argullin nor anyone else prevented appellant from asserting a defense. In its conclusions of law, the trial court found, among other things, that appellant had not shown any meritorious defense to Argullin's appointment as permanent guardian of X.L.S. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In an appeal from the denial of a statutory bill of review, an appellate court determines whether (1) an interested person (2) filed a timely bill of review, and (3) showed substantial error. *See Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.).[3] The record reflects that appellant timely filed her statutory bill of review within two years of the trial court's order, *see* TEX. PROB. CODE ANN. § 657, and because she is X.L.S.'s natural parent, she is an interested party. *See id.* § 601(15) (West Supp. 2011) ("'Interested persons' or 'persons interested' means . . . a person interested in the welfare of an incapacitated person, including a minor."). Therefore, we must determine only whether she proved that substantial error was committed by the trial court. *See* TEX. PROB. CODE ANN. § 657.

---

[3] We note that both appellant's petition for bill of review and the trial court's findings of fact and conclusions of law appear to confuse the standard applicable to an equitable bill of review with the standard applicable to a statutory bill of review. "A statutory bill of review[—as here—]need not conform to the rules and is not limited by the restrictions of an equitable bill of review." *Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.).

We review a trial court's conclusions of law de novo. *Nadolney v. Taub*, 116 S.W.3d 273, 280 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The standard of review for conclusions of law is whether they are correct. *Id.* We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Id.*

### III. DISCUSSION

#### A. Jurisdiction

By her first issue, appellant contends that: (1) the trial court lacked jurisdiction to appoint a permanent guardian for X.L.S. when Argullin had not filed an application for permanent guardianship; and (2) the trial court violated appellant's due process rights by granting an order unsupported by the pleadings. We begin by addressing appellant's sub-issue that the trial court lacked jurisdiction to appoint a permanent guardian for X.L.S.

Appellant argues that the trial court lacked jurisdiction to appoint a permanent guardian because it failed to comply with the statutory requirements of the probate code regarding appointment of a permanent guardian. Appellant relies on *In re Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, no pet.), which held that compliance with the probate code requirement of a ten-day waiting period following an application for guardianship was jurisdictional. *See id.* at 741 ("Any attempt by the trial court to exercise the special power of appointment of a guardian without compliance with express statutory jurisdictional provisions is a nullity.").

Since *Erickson*, however, the Texas Supreme Court has held that a mandatory statutory requirement is presumed not to be jurisdictional, and that such a presumption

5

may be "overcome only by clear legislative intent to the contrary." *City of Desoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009); *see also In the Guardianship of the Person & Estate of Jordan*, 348 S.W.3d 401, 409 (Tex. App.—Beaumont 2011, no pet.) (holding that strict compliance with probate code requirements regarding guardianship appointment was not jurisdictional). Appellant complains that the trial court lacked jurisdiction because Argullin failed to comply with the probate code requirements to obtain permanent guardianship, including the requirement to submit a written application for permanent guardianship, *see* TEX. PROB. CODE ANN. § 682 (West Supp. 2011), and the requirement to serve appellant and Sillero with notice of such an application, *see id.* § 633.[4] We presume that the statutory requirements of the probate code identified by appellant are not jurisdictional, *see City of Desoto*, 288 S.W.3d at 394, and appellant has not shown such a presumption to be overcome by "clear legislative intent to the contrary." *See id.* We conclude that any failure by Argullin to comply with the statutory requirements of the probate code did not deprive the trial court of jurisdiction. We overrule appellant's first sub-issue regarding jurisdiction.

**B.    Relief Unsupported by Pleadings**

By the second sub-issue of her first issue, appellant argues that the trial court deprived her of her due process right to notice by granting relief—permanent guardianship to Argullin—that was not requested by the pleadings. Appellant argues that because Argullin's application sought only temporary guardianship, she had no

---

[4] We note that both sections 633 and 682 have been recently amended and the present case is governed by the prior versions of the statutes. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 599, § 6, 2011 Tex. Sess. Law Serv. (West 2011). Because the amendments are not material to any issue before us, however, we cite to the current versions of the statutes.

notice that Argullin sought permanent guardianship until the end of the hearing when the trial court announced it was appointing Argullin as X.L.S.'s permanent guardian.

We agree that the trial court committed substantial error by granting relief that was not supported by the pleadings. As noted above, several times during the guardianship hearing, Argullin's counsel, the trial court, and X.L.S.'s guardian ad litem specifically stated that the issue was confirmation of Argullin's appointment as temporary guardian. It is undisputed that Argullin's application requested only that he be appointed as X.L.S.'s temporary guardian. Although Argullin's counsel made a vague reference at the hearing regarding a previous request that the court convert the temporary guardianship to permanent guardianship, the record contains no application for permanent guardianship, and nothing suggests that appellant had notice that Argullin's appointment as X.L.S.'s permanent guardian was before the trial court. *See In re A.B.H. & L.N.H.*, 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (finding that trial court abused its discretion in appointing appellee as sole managing conservator where appellee had only requested appointment as joint managing conservator and parties did not understand that issue was before the trial court); *In re B.M.*, 228 S.W.3d 462, 465 (Tex. App.—Dallas 2007, no pet.) (finding that trial court abused its discretion in rendering final order on custody when motion to modify requested only temporary relief); *see also In re J.A.L., K.D.L., & M.R.L,* No. 02-10-374-CV, 2012 Tex. App. LEXIS 2060, at *7 (Tex. App.—Fort Worth March 15, 2012, no pet.) (mem. op.) (holding that trial court abused its discretion by granting appellee more relief than she requested in her pleadings). Thus, we conclude that the trial court abused its discretion by appointing Argullin permanent guardian of X.L.S. Accordingly, appellant

7

proved the substantial error element of her statutory bill of review, and the trial court erred in denying her bill of review. *See Buck*, 291 S.W.3d at 53. We sustain appellant's second sub-issue of her first issue.[5]

## IV. Conclusion

We reverse the trial court's denial of appellant's bill of review and remand to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
18th day of October, 2012.

---

[5] Having sustained this dispositive issue, we need not address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.