

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00286-CV

**RUSSELL GILES,**

**Appellant**

 **v.**

**CLARISSA CARTER,**

**Appellee**

_____

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2007-3851-4**

_____

## MEMORANDUM OPINION

_____

Clarissa Carter and Joanie "Russell" Giles lived together from March of 2006 to August of 2007. During that time, Carter loaned Giles $40,000, co-signed a $60,000 bank loan to Giles, and took out a mortgage on an "iconic house" wherein Giles agreed to pay half of the mortgage. Giles never fully paid on any of these loans and agreements. A few months after the parties ended their relationship, Carter sued Giles for damages arising from these loans and agreements. After a bench trial, the court granted Carter judgment for $30,000 on the unpaid loans and $16,200 in accommodation on the co-signed loan that

Carter had to pay. The trial court denied Carter's request for $52,355.19 in damages for the mortgage payments Giles was obligated to pay but did not. The trial court also denied Carter's request for attorney's fees. Both Carter and Giles appealed. Because the evidence is sufficient to support the trial court's findings attacked by Giles, and because the trial court erred in denying Carter's requests for $52,355.19 in damages and in denying Carter's request for attorney's fees, the trial court's judgment is affirmed in part and reversed and remanded in part.

GILES'S APPEAL

In her first two issues, Giles attacks the legal and factual sufficiency of the evidence to support the trial court's findings that: 1) Carter loaned Giles $20,000 on August 10, 2006; 2) Carter loaned Giles $20,000 on November 3, 2006; and 3) Giles did not repay $30,000 owed on the loans. In her third issue, Giles asserts the trial court's conclusion of law that Carter was entitled to recover from Giles $30,000 plus accrued interest should be set aside because no valid findings of fact support the conclusion.

Findings of fact entered in a case tried to the court have the same force and dignity as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Thus, we review findings of fact by the same standards that are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id*. We review the trial court's conclusions of law de novo; that is, we review the trial court's legal conclusions drawn from the facts to determine their correctness. *See BMC Software*

*Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Nadolney v. Taub*, 116 S.W.3d 273, 280 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

An appellant attacking the legal sufficiency of an adverse finding on which it did not have the burden of proof at trial, must demonstrate that there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 215 (Tex. 2011); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing a finding for legal sufficiency, we credit evidence that supports the finding if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W. 3d 802, 827 (Tex. 2005). In reviewing a finding for factual sufficiency, we must weigh all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*. Under either standard of review, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *see also City of Keller*, 168 S.W.3d at 819.

*Loans*

A loan is an advance of money on an agreement, express or implied, to repay at

some time in the future. *Ramo, Inc. v. English*, 500 S.W.2d 461, 465 (Tex. 1973). It is made to an obligor, the person to whom the money is loaned, who, in turn, has the duty to pay the principal amount of the loan to the creditor, the person who loaned the money. *See* TEX. FIN. CODE ANN. § 301.002 (a)(3), (10), (13) (West 2006).

Carter testified that in August of 2006, which was early in their relationship, Giles asked for money and told Carter she would pay it back. Carter had earlier advanced Giles $10,000 which Giles paid back. Based on that history, Carter wrote Giles a check for $20,000, expecting Giles to pay it back in a month or so. By the time Giles asked for another $20,000 in November of 2006, Giles had not repaid Carter any on the first amount of money advanced. This time, Carter wrote, "loan," on the check because she had not been paid on the first amount loaned and "was just getting a little nervous." Giles also promised to pay Carter back for this amount. Carter stated that she relied on Giles's promise to pay back the money. When Giles did not, Carter told Giles she needed money to pay the IRS. Giles agreed to make a partial payment of what she owed. The first check Giles wrote to Carter was returned for insufficient funds (as described in the testimony, it "bounced"), but ultimately, Giles paid Carter $10,000 of the $40,000 she owed Carter on the loans. Carter made it clear to Giles that Giles then only owed $30,000. Carter testified that on many occasions, Giles acknowledged through text messages that she owed Carter $30,000 and would repay her.

Giles's only response to Carter's claim was her testimony that she did not owe

$40,000 to Carter.

After reviewing the evidence under the appropriate standards, we find the evidence legally and factually sufficient to support the trial court's findings that 1) Carter loaned Giles $20,000 on August 10, 2006; 2) Carter loaned Giles $20,000 on November 3, 2006; and 3) Giles did not repay $30,000 owed on the loans.[1] Further, these findings support the trial court's conclusion that Carter was entitled to recover from Giles $30,000 plus accrued interest. Thus, the trial court's judgment is not erroneous in this regard.

Giles's issues one, two, and three are overruled.

**CARTER'S APPEAL—THE CASTLE**

Carter also appealed and raises two issues. By her first issue, Carter complains that the trial court erred in concluding Carter was not entitled to recover her damages from Giles on Giles's agreed half of the mortgage payment on "the Castle" because Carter was "awarded all the proceeds from the sale of the [C]astle." As stated earlier, the trial court's conclusions of law are reviewed de novo to determine their correctness. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

Here, the trial court found that 1) Giles and Carter agreed to be equally responsible for paying the mortgage payment on the Castle; 2) from August 2006 to July 2007, the parties made the monthly mortgage payment; 3) from August 2007 until February 2012,

---

[1] To the extent that Giles argues she had an interest in the funds loaned by Carter, there is no finding regarding Carter's or Giles's ownership of the funds loaned. Further, Giles only attacks the sufficiency of the evidence to support the findings that Carter loaned money to Giles and that Giles did not pay that money back. The evidence is sufficient to support those findings.

Giles v. Carter

Carter made the monthly mortgage payment in the total amount of $104,710.37; and 4) despite repeated demands, Giles failed or refused to reimburse Carter her half of the mortgage payment in the amount of $52,355.19. Giles does not dispute those findings. Nevertheless, the trial court concluded that Carter was not entitled to recover half of the total mortgage payments for this time period from Giles because Carter was awarded all the proceeds from the sale of the Castle. Carter takes issue with this conclusion.

The elements in a suit for breach of contract are: (1) the existence of a valid contract between the plaintiff and defendant; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Runge v. Raytheon E-Sys., Inc.*, 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.). The facts as found by the trial court support each of these elements. Thus, Carter established that Giles breached her contract with Carter. However, there is no evidence, findings, or legal basis that supports the trial court's decision to offset the damages sustained by Carter with the proceeds from the sale of the Castle.

A possible legal basis for the trial court's conclusion may be Giles's allegation of "payment" in her Amended Answer and Counterclaim filed on December 14, 2011.[2]

---

[2] Paragraph IV of Giles's Amended Answer and Counter Claim is as follows:

> Defendants are not liable to Plaintiff because of failure of consideration, payment and the statute of frauds. In the alternative and in addition, Plaintiff failed to perform the duties and responsibilities agreed upon which was to be her consideration for the formation of the bond business. Plaintiff received payment on the alleged indebtedness. Any claim that Defendants are obligated to Plaintiff for payments Plaintiff says were made to third parties, including Giles Motors, is not in writing, and as such is barred by the statute of frauds.

However, the rules of Civil Procedure require more than alleged by Giles to raise the affirmative defense of payment. *See* TEX. R. CIV. P. 94; 95. Specifically, Rule 95 requires a defendant to file with a plea of payment "an account stating distinctly the nature of such payment, and the several items thereof…." TEX. R. CIV. P. 95. Failing to file this account, the defendant is not allowed to prove payment unless it is "so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." *Id*. Giles filed no account with her plea and the plea of payment was not "plainly and particularly" described. Thus, any evidence of payment would be inadmissible. *See id*.; *Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 861 (Tex. App.—Dallas 2008, no pet.)

Even if sufficiently pled, payment is defined as the discharge of an obligation by the actual or constructive delivery of money or its equivalent by the obligor or by someone for him for the purpose of extinguishing the obligation, wholly or partially, and the acceptance of it by the obligee. *First Heights Bank FSB v. Gutierrez*, 852 S.W.2d 596, 605 (Tex. App.—Corpus Christi 1993, writ denied). There was no evidence and no findings to support the affirmative defense of payment.

There was no other legal basis pled or proved by Giles to support the trial court's conclusion. Thus, the facts do not support the trial court's legal conclusion that Carter was not entitled to recover one-half of the mortgage payments from Giles. Accordingly, the trial court erred in concluding that "Plaintiff is not entitled to recover from Defendant her agreed half of the mortgage payments on the castle because she was awarded all the

proceeds from the sale of the castle."[3]  Carter's first issue is sustained.

## CARTER'S APPEAL—ATTORNEY'S FEES

In Carter's second issue, she contends the trial court erred in failing to award her attorney's fees.  At trial, Carter requested and presented evidence of attorney's fees in the amount of $50,000.  This amount included fees for her breach of contract claims for the money loaned to Giles, the mortgage payments made by Carter on the Castle, and the accommodation claim for the amount Carter paid on a loan by The National Bank of Gatesville to Giles for which Carter co-signed.  Although the trial court found Carter incurred reasonable and necessary attorney's fees of $40,000 on the prosecution and trial of her three "debt-related" claims, the trial court denied Carter's request for attorney's fees.

Again, as stated earlier herein, the trial court's conclusions of law are reviewed de novo to determine their correctness.  *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).  They will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence.  *Nadolney v. Taub*, 116 S.W.3d 273, 280 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Texas adheres to the American Rule for the award of attorney's fees; that is,

---

[3] During the litigation, Carter discovered Giles had prepared, signed, and filed a deed conveying Giles's one half interest in "the Castle" to Carter.  It is not clear from the record what the circumstances of this conveyance were but Giles testified to the effect that she did so in an effort to limit her future liability.  This does not equate to a payment or even an offset for existing debt.  Thus, when "the Castle" sold, Carter owned 100% of it and was entitled to 100% of the sales proceeds.

Giles v. Carter                                                                                   Page 8

attorney's fees are recoverable in a suit only if permitted by statute or by contract. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013); *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011). Texas Civil Practice and Remedies Code section 38.001 is one statute that modifies the American Rule. *1/2 Price Checks Cashed*, 344 S.W.3d at 382. It provides, in relevant part:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). We are to construe section 38.001 "liberally . . . to promote its underlying purposes." *See id*. § 38.005; *1/2 Price Checks Cashed*, 344 S.W.3d at 382. Those purposes include allowing a wronged claimant recovery of the full amount of the claimant's damages—including costs in having to litigate the suit—from the wrongdoer, so that the claimant is made whole and allowing a party with a small but valid contract claim to bring a suit since the claimant may recover attorney's fees if successful, even if the potential amount of attorney's fees is greater than the amount of the contract. *Id*. at 383. If attorney's fees are proper, the trial court has no discretion to deny them. *See Smith v. Patrick W. Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (holding that statutes providing that a party "may recover" attorney's fees are not discretionary with the trial court).

### Contract Claims

The first question to answer is whether attorney's fees are recoverable for each of

Carter's claims. Giles contends they are not because these three "debt related claims" are not contracts.

*Loans and Mortgage Payments*

We have already determined that Carter raised a breach of contract claim for the recovery of what Giles had agreed to pay, and did not pay, on the mortgage of the Castle and should have been awarded damages on that claim. Carter's claim for recovery on the loans she made to Giles is also a breach of contract claim. The evidence establishes that Carter loaned Giles $20,000 on August 10, 2006 and another $20,000 on November 3, 2006. Giles did not repay $30,000 owed on the loans. Further, the evidence established that Giles agreed to pay back the loans. The agreement to pay back the money Giles borrowed from Carter is a contract. *See* RESTATEMENT (SECOND) OF CONTRACTS § 1 (1981). Giles breached the contract by failing to pay back the loans and Carter was damaged in the amount of $30,000 as a result of Giles's breach. *See Runge v. Raytheon E-Sys., Inc.*, 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.) (elements of a breach of contract claim). Carter is thus entitled to attorney's fees on these two claims subject to the presentment issue discussed below.

*Accommodation Claim*

Whether the accommodation claim made by Carter for $16,200 is based on a contract is not as clear cut. Carter claims that because the Texas Supreme Court

determined that a "check" is a contract in *½ Price Checks Cashed*,[4] it should follow that a contract is implied by law based on a promissory note. But Giles argues that an accommodation claim under section 3.419(f) of the Uniform Commercial Code cannot be a contract-based claim. *See* TEX. BUS. & COM. CODE ANN. § 3.419(f) (West 2002).

There is no general provision in the UCC that specifically provides for the recovery of attorney's fees in all cases under the UCC. *See 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 381 (Tex. 2011). However, section 3.419(f) does not prohibit an accommodation party from suing for reimbursement under a breach of contract theory.

A promissory note is a contract showing an obligation to pay money. *DeClaire v. G&B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Normally, the contract is between the bank or the note holder and the obligor of the note, the person borrowing the money. But when a person who co-signs on the note, becoming the accommodation party, ultimately pays on the note, the co-signer is entitled to reimbursement from the original obligor on the note, the accommodated party, and is permitted to enforce the note against the accommodated party as the bank or note holder would be entitled to enforce the note. *See* TEX. BUS. & COM. CODE ANN. § 3.419(f) (West 2002). The note is a contract. And the act of accommodation, in essence the payment to the holder by the accommodation party, and the resulting debt owed by the accommodated party to the accommodation party for that payment, were all pursuant to

---

[4] *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378 (Tex. 2011).

the note. Thus, there is a contract between the accommodation party and the accommodated party.

Here, Giles signed a promissory note with The National Bank of Gatesville for $60,000, and Carter co-signed the note. When Giles did not pay the note, Carter was called upon to pay the amount due by the holder of the note. Carter settled with the new holder for half of the amount owed and brought a claim against Giles for reimbursement. This is, in essence, a contract action because it involves a party seeking damages based on another's failure to "uphold its end of the bargain." *See 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 388 (Tex. 2011); *Med. City Dall., Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 61 (Tex. 2008). Although Carter's claim may not be a traditional breach of contract claim, it is a claim that is based on a contract. *See id.* Consequently, in liberally construing section 38.001 as we must, we find that Carter's claim against Giles to recover money she paid as the accommodation party for Giles is a claim on "an oral or written contract." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). Carter is thus entitled to attorney's fees on this claim subject to the presentment issue discussed below.

*Presentment*

Giles also contends Carter was not entitled to attorney's fees because Carter did not present her claims as required or did not timely present them to recover all Carter's requested attorney's fees.

To recover attorney's fees, the claimant must: (1) plead and prevail on a claim for

which attorney's fees are permitted and recover damages; (2) be represented by an attorney; (3) *present the claim to the opposing party or to a duly authorized agent of the opposing party*; and (4) demonstrate that the opposing party did not tender payment within thirty days after the claim was presented. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001, .002 (West 2008); *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 383 (Tex. 2011); *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

Presentment of the claim is required to provide the other party with an opportunity to pay the claim before incurring an obligation for attorney's fees. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). No particular form of presentment is required. *France v. American Indem. Co.*, 648 S.W.2d 283, 286 (Tex. 1983). All that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim. *Standard Constructors, Inc. v. Chevron Chem. Co., Inc.*, 101 S.W.3d 619, 627 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Carter presented her three claims in a letter to Giles dated November 14, 2014. *See* Plaintiff's Exhibit 30. There is no evidence in the record that Giles paid any of the claims after presentment. Because Carter's claims were contract claims and were properly presented, the trial court's conclusion denying Carter recovery of attorney's fees for these claims was erroneous.

Carter's second issue is sustained.

CONCLUSION

Having overruled Giles's issues but having sustained Carter's issues regarding damages and attorney's fees, we reverse the trial court's judgment and remand this case for the trial court to award Carter an additional $52,355.19 in damages for Giles's half of the mortgage payments on the Castle, and for pre and post judgment interest thereon, and to award attorney's fees previously determined and for interest thereon. The remainder of the judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed in part and reversed and remanded in part
Opinion delivered and filed December 7, 2016
[CV06]

